## McCAIN v. WOOD.

1. The act of 1840, [Meek's Sup. 102,] authorizing the mode of proceeding upon the answer of a garnishee, extends to garnishee process upon judgments as well as original and judicial attachments.

2. The act of 1828, [Digest 208, §5,] which avoids all deeds of trust of personal property as against creditors and subsequent purchasers, unless recorded within thirty days, does not extend to a deed of trust assigning choses in action as security for a debt.

3. A deed assigning " all debts due to the grantor from persons in the State of Alabama for medical services," without any schedule of names or sums, is not void for uncertainty.

4. When a deed of trust expresses a legal consideration, it is not void *per se* because the amount of debts, &c. assigned by it is not set out or the names of the debtors specified.

5. When the contest is between a creditor and a grantee of a trust deed to secure another creditor, the consideration for the deed must be shown, and it is not proved by the recitals in the deed, or by the admissions of the grantor at the time of its execution.

WRIT of Error to the Circuit Court of Talladega county.

This is a proceeding against the assignee of a debtor under the act of the 6th February, 1840.

The plaintiff, McCain, sued out process of garnishment against one John L. Smith, as a debtor of Elisha B. Steadman, against whom, together with one Rivers, who were judgment debtors of said McCain, writs of *fieri facias* had been issued, and returned *nulla bona*.

Smith appeared on the return of the garnishee process, and

answered, in substance, that he had contracted a debt of nine-ty-six dollars with Steadman, one of the judgment defendants which debt he had never discharged, but that previously to be-ing served with the garnishment he had been notified by one Matthew Wood, that Steadman had transferred the debt to him.

The plaintiff, McCain, then moved the Court that notice should be given to Wood to appear at the next term of the Court, and contest the validity of the transfer of the said account.

Notice was given to Wood, and he having appeared, an issue was formed between the parties and submitted to a jury, which returned a verdict in favor of the transfer, upon which judgment was entered.

In the progress of the trial a deed was offered in evidence, purporting to have been executed on the 26th January, 1841, between Steadman of the one part and William Lewis, Mat-thew Wood and Ephram Pharr of the second part. This deed recited that, on or about the 1st day of October, 1837, a note for one thousand dollars was made by the said parties named as of the second part, payable at the Bank of the State of Ala-bama, at Tuscaloosa, and discounted by the said Bank; that the money was received and used solely by the said Steadman, the parties to the note having executed it solely for his use, at his request. It also recited that the said Steadman being wil-ling and anxious to secure and save harmless the said Lewis, Wood and Pharr, for that consideration and for the further consideration of five dollars paid by Wood, he, the said Stead-man, granted, aliened, assigned, conveyed and set over, and by the same deed did then grant, &c. to the said Matthew Wood, his heirs and assigns forever, all the claims, accounts and debts which the said Steadman then had against all persons in the State of Alabama, for medical services rendered at any time previous to the date of the deed, of every name and na-ture. The deed also contains a power to collect, and directs that out of the proceeds collected he should pay off, satisfy and discharge the said note, with all proper charges on the same, and the balance, if any, he should pay over to the said Stead-man.

The subscribing witness to this deed then proved its execu-

tion on the day of its date, and that the parties to it stated its object to be, in substance, the same as the recitals contained in it. At the same time a book containing accounts for medical services was, by Steadman, delivered to Wood, but the witness made no estimate of the amount of the accounts, nor was he advised who owed them.

The plaintiff opposed the admission of the deed in evidence:

1. On the ground that it had not been recorded as required by law.

2. On the ground that an account could not be the subject matter of such a transfer.

3. Because the deed is void for uncertainty.

4. Because it contains such indications of fraud as to render it void *per se.*

The Court admitted the deed and the plaintiff excepted.

On this state of proof the plaintiff requested the Court to instruct the jury—

1. That the deed was void as to subsisting creditors for want of registration.

2. That it was incumbent on the party claiming under it to prove a consideration for its execution, and that the admissions of Wood and Steadman to the subscribing witness upon the execution of the deed, was not sufficient for this purpose.

3. That it was necessary for Wood to prove that at the time of the service of the garnishment the indebtedness mentioned in the deed still subsisted.

4. That the proof did not warrant a verdict for Wood.

These charges were severally refused and the jury instructed that it was for them to determine from all the evidence and admissions of the said parties, Wood and Steadman, whether there was a subsisting consideration for the deed, or whether it was made in good faith or otherwise—that all the evidence must be taken together—that a consideration must be proved.

The plaintiff excepted to the charges given, as well as to the refusal to give those requested—and here assigns the same for error.

CHILTON, for the plaintiff in error, insisted—

1. That this deed being a trust deed, is within the influence of the act of 1828, [Aikin's Digest, 208, §5,] which requires all

deeds of trust or conveyances of personal property to be recorded within sixty days.

2. That the deed is void for uncertainty, and therefore cannot operate as an equitable or legal assignment. [Jackson v. Roosevelt, 13 John. 97; ib. 357; 5 Wheat. 359.]

3. That the admissions of the parties at the execution of the deed were not competent as evidence of a consideration as against a creditor. Recitals in a deed are no estoppel to strangers. [4 Wash. 691.]

4. That the deed is fraudulent *per se.* [Harvey v. Mims, 4 Cowan, 207, 4 Wash. 139.]

SHORTRIDGE, contra, argued—

1. That the plaintiff had no right, under the act of 1840, [Meek's Sup. 102,] to proceed in this case. The act extends only to garnishments issuing under original or judicial attachments. In this case the garnishment issues on an execution. The exercise of jurisdiction then in this case cannot affect Wood as the Court was without authority. [3 Caine's, 19; 19 John. 39; 3 McCord, 280; 7 Pet. 37.]

2. This deed is not of *personal property*, within the meaning of the act. [McGreggor v. Hall, 397.] *Choses in action* have no locality, and therefore no creditor could be deceived by the possession remaining with the debtor. [1 Roper on Leg. 190.; 2 Mars. 331; 1 Litt. 113.] But another view is conclusive, admitting the statute to cover such property; the deed was executed 26th January, 1841—the notice of garnishment issued on the 28th of the same month; consequently the proceedings were commenced before the time allowed by the statute was elapsed.

3. *Choses in action* may be assigned by delivery merely, and Courts of law as well as Courts of Chancery will enforce and protect the beneficial interest of the assignee, although the legal title may not be passed by the transfer. [13 Mass. 314; ib. 485; 17 John. 284; 19 John. 95; 2 Green. 334; ib. 346; 3 Day, 364;. 5 Dana, 522.]

4. As to the supposed uncertainty—elsewhere it has been held that an assignment of all debts presently due is good. [3 Leigh. 389; Rawle 4; 1 Stew. 33.]

5. If the plaintiff suspected fraud, he has shown nothing to

justify his suspicious, and there is nothing in the deed from which it can be inferred.

6. The witness to the deed, nor the evidence given by him, was not opposed; it was no error for him to explain the consideration as expressed in the deed. [5 S. and P. 410; 1 Porter, 328; ib. 359; 5 ib. 498.]

GOLDTHWAITE, J.—1. The argument of the defendant in error insisting that the present proceedings are without authority, renders it necessary to examine the statute under which the plaintiff claims to give jurisdiction.

The first section of the act to amend the law in relation to garnishments, provides, " that when a garnishee, in any case of judicial or original attachment shall answer that previous to the time of such answer, he or she has received notice of the assignment or transfer of the debt, &c., it shall not be lawful for the Court to render judgment against the garnishee on the ground of the invalidity of the assignment, or transfer of the debt, &c.; but the Court shall suspend proceedings against the garnishee until the question is litigated, as provided for in the following section of this act."

It is urged that as the garnishment issued upon the return of *nulla bona* to an *execution*, it is not within the terms, *any case of judicial or original attachment*. The proceeding by garnishment is, in effect, only ancillary to some previous attachment whenever it relates to a debt. The debt is first attached, or stopped, in the hands of the debtor, and the garnishment is the summons by which he is called into Court to answer. It is true that we have two modes of proceeding by attachment, one of which is called *original*, because the writ of attachment is, in that, the leading process; and the other *judicial*, in which this writ issues after the return of an ordinary capias; but in addition to these we have several other ancillary modes of proceeding by attachment. One of these is when an execution has been returned *nulla bona*, the creditor is then permitted, as he has attempted in this case, to reach a debt in the hands of a debtor of the defendant in execution. [Aikin's Digest, 213, §1.] So likewise he may have garnishee process against a debtor without running a *fi. fa.* if he will make affidavit of certain facts. [Ib. §2; Meek's Sup. 9, §7.] He may

also sue out process of attachment as ancillary to a suit at law under certain circumstances. [Meek's Sup. 9, §8.] In all these cases the several statutes prescribe that the proceedings against garnishees shall be in the same manner as required by law against garnishees in orignal attachments.

It is then wholly unnecessary to inquire whether this proceeding is a judicial attachment, because the proceedings are directed to be the same against a garnishee under the act, by virtue of which this garnishment issued, as they are in the case of original attachments. There is, then, nothing in the objection of the defendant to the jurisdiction of the Court.

2. It is insisted that this deed to be effectual against a creditor, should have been recorded within thirty days after its execution. It is true the act of 1828, [Aikin's Digest, 208, §5,] avoids all deeds of trust of personal property which are not so recorded, when they conflict with the rights of a creditor or subsequent purchaser, without notice, but our opinion is that this statute was not intended to apply, nor does it apply, to *choses in action*. The obvious intention of this enactment is to provide against the case of a secret trust created on property capable of possession, of which the mischief is apparent, and which must in most cases tend directly to the prejudice of a creditor. The same reasons have little, if any, application to a *chose in action*, which rarely can induce a credit—or which, if such credit is induced, can be reached by attachment, if not actually assigned to another.

3. Whatever may be the intrinsic weight of the objection to this deed for its supposed uncertainty, this is not now an open question with us. In the case of Robinson v. Rapelye, [2d Stewart, 86,] it was held that a conveyance by a debtor of all his property for the benefit of his creditors, required no specific description of the property to be considered as *prima facie* valid. In the present case the deed is not a transfer of all the debts due to the grantor, but only of such as were due him from persons in the State of Alabama, for medical services. No creditor can be affected by this transfer unless notice was had by those indebted. In such a case it cannot be doubted that a Court of Equity would protect the assignee against any collusive payment made to the debtor subsequently to notice of the assignment, and if the transfer is effectual for such a

purpose, we can see no reason why it is not as against a creditor. In either case the true question is as to the actual transfer of a beneficial interest in the *chose in action.* Whenever this is shown, the interest of the assignee will be protected, and the cases are numerous to show this is the rule in Courts of law as it certainly is in Courts of equity.

4. There is nothing on the face of the deed to warrant a Court in declaring it fraudulent and void. If the transfer was of debts to an amount greatly exceeding the liability intended to be secured, and these were due from solvent persons, we are not prepared to say that this circumstance might not be left to a jury, as a fact from which fraud could properly be inferred; but in the condition in which the case stood before the Court, any presumption of fraud was unwarranted.

5. Upon the question of consideration, we think the proper charge was requested by the plaintiff. It is apparent the deed was executed after the indebtedness had accrued to McCain, and even after his debt was reduced to judgment. Under these circumstances the admissions of Steadman ought not to have any effect on his rights. The objection to such evidence is, that it could at any time be manufactured by one indebted, and by means of it a creditor might be defeated, as it would in most cases be impracticable to prove a negative, or to disprove the consideration said by his debtor to have passed from another. We do not deem it important to examine whether the charge as given is obnoxious to criticism, because we have repeatedly held it to be the duty of a Court to give a charge, if properly asked for, however it may afterwards explain or modify it.

For this error the judgment of the Circuit Court is reversed and the cause remanded.