## DOE EX DEM. McGINTRY & McCARTY v. REEVES.

10 137<br>130 455

1. A mortgagee, claiming title against a purchaser under a judgment creditor of the mortgagor, must prove the consideration of the mortgage.

Error to the Circuit Court of Russell.

EJECTMENT by the plaintiffs, against the defendant in error, for a tract of land in Russell county.

From a bill of exceptions it appears, that the plaintiffs deduced their title from a deed of mortgage, executed to them by Jesse B. Reeves, dated the 1st January, 1842, to secure the payment of $281 87, due sixty days from the date of the mortgage. This deed was acknowledged before a notary public on the day of its date, but was not recorded until the 10th July, 1842. No proof was made of the consideration of the debt secured by the mortgage, further than its recital in the deed.

The defendant's title was, that one Thornton commenced a suit by attachment against the mortgagor, which was levied on the land in dispute on the 13th January, 1842, a judgment

obtained on the 22d August, 1842, and by virtue of an execution issued upon the judgment, he purchased the land on the 6th February, 1843, and received the sheriff's deed therefor. The defendant was tenant in possession under Thornton. Notice was given of the mortgage at the time of the sale.

The jury found that notice had been given, and the evidence being all documentary, the cause was by consent submitted to the court, which rendered a judgment in favor of the defendant. These matters are prosecuted for revision, and assigned for error.

HEYDENFELDT, for plaintiff in error.

1. The plaintiff's title was a mortgage made by Jesse B. Reeves, 1st January, 1842—recorded 10th July, 1842.

2. Defendant's title—In 1841, Jesse B. Reeves, the mortgagor, became indebted to Thornton, who levied an attachment on the land, on the 13th January, 1842—judgment obtained 22d August, 1842—sold the land under *fi. fa.* 6th February, 1843, and purchased with full notice of plaintiff's title.

3. The court gave judgment for defendant, because the plaintiff did not prove the consideration of the mortgage. The possession of the mortgagor, and those claiming under him is the possession of the mortgagee. [Gwyn v. Wellborn, 1 Dev. & Bat. 313.] A mortgage is in itself evidence of consideration. [3 Munroe, 55; 1 Powell on Mort. 213; Fitzpatrick's Adm'r v. Harris, 8 Ala. R. 32.]

4. The notice of the deed, although not registered in the time required by law, is sufficient to sustain the plaintiff's title. [Pike v. Armistead, et al. 1 Dev. Eq. 110; James v. Mosey, 2 Cow. 246; Jackson ex dem. Dubois, 4 J. R. 216; 2 Vesey, jr. 437; Daniel v. Sorelle & Smith, at this term, and cases cited; 10 Leigh, 500.]

BELSER, contra.

1. Both plaintiff and defendant in the court below claim through the mortgagor, Jesse B. Reeves. Under the facts of the case, it was incumbent on the plaintiff to have proved the consideration of the mortgage, independent of the recitals in

the same. [See McCown v. Wood, 4 Ala. Rep. 258; Branch Bank v. Kinsley, 5 Ib. 9; Graham v. Lockhart, 8 Ib. 23.]

2. The mortgage executed to the plaintiff, should have been recorded within the time prescribed by statute. The notice given to Thornton at the sheriff's sale, did not supply the place of a proper registration of the mortgage. The lien of Thornton commenced with his levy, on the 13th day of January, 1842, and not at the date of the sheriff's sale, and there is no proof that he had notice at date of his levy. [See Clay's Dig. 255, § 5; Cummings & Cooper v. McCullough's adm'r, 5 Ala. 324; Randolph v. Carter, 8 Ib. 606; Daniel v. Sorrell, 9 Ib. 436; Coffin v. Rhea, 1 Metc. 214; Mallory v. Stodder, 6 Ala. 805.]

3. The debt owing from Jesse B. Reeves to Thornton had an existence, as is shown by the bill of exceptions, some twelve months prior to the execution of plaintiff's mortgage, Thornton then being a creditor of Reeves at the date of the mortgage, it is void as to him, by not being recorded within the time prescribed by statute. [Clay's Dig. 255, § 5; Cummings & Cooper v. McCullough's adm'r, 5 Ala. R. 330; Engelbert v. Blaryot, 2 Wharton, 240.]

ORMOND, J.—Although a conveyance of property, real or personal, is binding between the parties to it, it is fraudulent and void as against the creditors of the grantor, unless it is made upon a valuable and adequate consideration. It has been repeatedly held by this court, that the grantor in such a case, must prove the consideration of his deed. The recital of the fact in the deed, is the mere declaration, or admission of the grantor, which is not evidence against his creditors, because the question of fraud arises in all cases, where one indebted conveys away his property. [McCain v. Wood, 4 Ala. 264; Bank at Decatur v. Kinsey, 5 Id. 12.]

This question has heretofore arisen in this court upon trials of right of property, where a creditor has levied his execution upon property conveyed by the debtor to a third person. The principle is not changed by the aspect of this case, when the creditor having obtained judgment, has purchased the property at an execution sale. To defeat the title thus obtained, by one claiming by a conveyance, anterior to the sale

by execution, it devolves on him to prove, that a valuable consideration was given for the property. That not being done in this case, the deed must be considered as merely voluntary, and therefore void against creditors. This renders it unnecessary to consider the question of notice of the existence of a deed of this description, not registered within the time prescribed by law, because if registered within that period, being voluntary, it would be fraudulent and void against the existing creditors of the grantor.

Let the judgment be affirmed.