FALCONBURY <em>et al.</em> v. McILRAVY <em>et al.</em>

1. **Conveyance: FRAUDULENT PURCHASER: ONUS.** Under our recording act the onus is on the grantee of a fraudulent purchaser to show that he purchased in good faith, and for a valuable consideration paid, and on failure to do so the equitable title will be deemed paramount.

2. —— The recital in the deed of a consideration, and that it is paid, is not sufficient.

<em>Appeal from Union District Court.</em>

FRIDAY, JUNE 6.

SUIT in equity by the plaintiffs, who claimed to be the owners, each of one undivided fourth part of the north-west quarter of section nineteen, township seventy-three, range thirty, to quiet their title thereto, to correct a mistake in a suit to set aside a conveyance of part thereof by David McIlravy to M. S. Robinson, and by him to H. C. Keller, and to enjoin the sale or negotiation of a note and mortgage given by defendant Keller to Robinson, in part for the purchase price. A temporary injunction was granted. Issues were made by the answer denying fraud by Robinson, and notice to

Keller. Pending the action, the plaintiff, Guthrie, became owner of the remaining undivided half, and the pleadings were amended accordingly. The district court rendered judgment for the defendants. Plaintiffs appeal.

*Stewart Bros. & Milligan* for the appellants.

*Gregory & Rowell* for the appellees.

COLE, J.—The land in controversy was entered by two brothers, David and John McIlravy. The former sold his undivided half to the latter, but in the conveyance, by mistake, it was described as the *south*-west, instead of the *north*-west quarter. By several mesne conveyances, the plaintiffs became equal owners of an undivided half thereof, and one, Willis Whitlow, became sole owner of the other undivided half, and pending this action sold and conveyed to Guthrie. All the conveyances were duly recorded. The defendant, Robinson, a land agent in the county where the land is situated, solicited of the plaintiff, Guthrie, by letter, the agency for the sale of it. In the course of his correspondence with said plaintiff, and by examination of the records, he discovered the mistake in the conveyance by David to John McIlravy. Thereupon he opened correspondence with David, and by representing that there was a mistake, that he was agent for the sale, and had sold it, and that a quit-claim deed from David was necessary to make the title right, he obtained from David McIlravy a quit-claim deed to himself for an undivided half of the land in controversy ; he offered to pay $25 for it, but David refused any compensation. As soon as he obtained the quit-claim deed, he sold and conveyed the undivided half to his co-defendant Keller for a recited consideration of $850, and took his note for $625, in part therefor, and a mortgage on the land to secure its payment. Both Robinson and Keller testified as witnesses in the case, and neither of them testified to the actual payment, by Keller, of any portion of the consideration ; though both of them negative any notice to Keller of the defect in the title. Other testimony tends to show notice.

Therefore, the plaintiffs are the owners of all the land — having the legal title to one-half and the equitable title to the other half. The defendant Robinson acquired his title by fraud, too barefaced and palpable to admit of denial or doubt. Whether Keller had notice of this fraud is immaterial in this case ; for, as we have quite recently held, under our recording acts, that the grantee of a fraudulent purchaser has the burden of proof cast upon him to show that he purchased in good faith and for a valuable consideration paid, and the recital in the deed of a consideration and that it is paid, is not sufficient, and on failure to do so the title of the equitable owner will be deemed paramount. See *Sylliman* v. *King, post,* 7 West. Jur. 230 (May No., 1873), and the authorities there cited. See, also, *Kitteridge* v. *Chapman, ante.* In this case it does not appear that Keller has paid any part of the consideration, and it does appear that he has not paid the $625, for which he gave his note. The plaintiffs are entitled to the relief asked and at the costs of Robinson and Keller.

Reversed.