## THROCKMORTON v. RIDER ET AL.

1. **Conveyance**: FRAUD: BURDEN OF PROOF. The grantees of a subsequent purchaser under a fraudulent conveyance have the burden of proof to show that they purchased in good faith for a valuable consideration, the recitals of the deed to that effect not entitling them to the protection of purchasers for value.

2. ——: ——: ——. Unless it be made to appear that they thus purchased, the title of the equitable owner will be deemed paramount.

*Appeal from Pottawattamie District Court.*

TUESDAY, DECEMBER 14.

THIS is a suit in equity brought by the plaintiff to quiet in him the title to certain lands in Harrison county, Iowa. Upon a trial before the District Court a decree was rendered for the plaintiff. Defendants appeal. The facts of the case are stated in the opinion.

*Clinton, Hart & Brewer*, for appellant.

A person who stands by and permits third parties to become beneficially interested in land of which he claims to be the

owner, without giving notice to such parties or in any way apprising them of his rights or taking steps to enforce the same, cannot ask the intervention of a court of equity to relieve him from the consequences of his own negligence. (Kerr on Fraud and Mistake, pp. 127, 136–7, 137 and 141; *Corbett v. State of Georgia*, 24 Ga., 287; *State v. Holloway*, 8 Black., 45; *Galling v. Rodman*, 6 Ind., 289.)

*Baldwin & Wright*, for appellee.

This action having been commenced four years after the discovery of the fraud, the plaintiff is not estopped by negligence to claim protection of a court of equity. (2 Story's Eq. Jur., §§ 1537–8–9, 1541.) The action might have been commenced at any time within five years. (Rev., §§ 2740–1.)

MILLER, CH. J.—This is an action in equity, and comes to this court for trial *de novo* upon the evidence adduced in the court below. There is some conflict in the evidence but we have no difficulty in arriving at the facts of the case, which we find to be as follows: The plaintiff was the lawful owner of the land in controversy on the 8th day of March, 1858, on which day he and his wife executed a conveyance thereof to David N. Smith, of Lucas county, Iowa, for the nominal consideration of one thousand dollars. The purpose of this conveyance was to enable Smith, as the agent of the plaintiff, to make sale of the land, and execute a deed in his own name to the purchaser. This course was deemed by plaintiff to be preferable to that of executing to Smith a power of attorney to make the sale.

The deed was executed and delivered to Smith, with the distinct agreement and understanding that it was to enable him to sell the land for the benefit of the plaintiff. Smith paid plaintiff no consideration, nor was the plaintiff in any manner indebted to him at the time of the execution of the deed; Smith retained the deed in his possession, without having made any sale of the land, until in March, 1860, when, at the request of the plaintiff by letter, he returned it by mail

directed to the plaintiff, in care of J. W. Kellogg, at Nebraska City, N. T. Plaintiff never received the deed or the letter in which it was returned by Smith. But it came into the hands of a man at Nebraska City, who, representing himself as Smith, executed a conveyance in the name of D. N. Smith to one Alexander Goddard, a saloon keeper at Nebraska City. The evidence leaves no doubt of the fact that this conveyance was a forgery, that the Smith who executed it was not the D. N. Smith to whom plaintiff had executed the conveyance for the purpose of enabling him to sell the land. The defendants claim title through this forged conveyance. There is no evidence whatever that the defendants or any of their grantors, including Goddard, paid any consideration for the land. Indeed it appears very satisfactorily that the latter paid nothing whatever. The defendants do not occupy the position of purchasers for value.

The conveyance to Goddard having been fraudulent and without consideration, his grantees have the burden of proof cast

1. CONVEY-ANCE: fraud: burden of proof.

upon them to show that they purchased in good faith for a valuable consideration paid by them, and the recitals in the deeds of consideration paid is not sufficient. Without proof of such payment the title of the equitable owner will be deemed paramount, and established as such. *Sillyman v. King*, 36 Iowa, 207; *Kitteridge v. Chapman*, Id., 348; *Falconbury v. McIlravy*, Id., 488.

The decree of the District Court will be

AFFIRMED.