HOGDON v. GREEN.

56  733
122  165

1. **Tax deed**: PRESUMPTION OF REGULARITY. Evidence held sufficient to overcome the presumption in favor of the recitals in a tax deed.

2. **Deed**: AS EVIDENCE: RECITAL OF CONSIDERATION. The recital in a warranty deed of the consideration therefor is not evidence to show that the grantee is a purchaser for value, as against one claiming adversely to his title.

*Appeal from Cerro Gordo Circuit Court.*

FRIDAY, OCTOBER 21.

ACTION in equity to determine the title to real estate. The plaintiff claims under the patent, and defendant under a tax title. Judgment for the former, and the latter appeals.

*Ainsworth & Hobson,* for appellant.

*Richard Webber,* for appellee.

SEEVERS, J.—I. The defendant claims in 1870 there was voted by the electors of the township in which the land in 1. TAX DEED: controversy is situate a tax in aid of the Central presumption of regularity. Railroad of Iowa, and that proper proceedings were had to make the same a valid charge thereon. It is further claimed that, said taxes remaining unpaid, the real estate was sold at a tax sale in 1870. This is denied by the plaintiff, and he has affirmatively shown by evidence quite satisfactory in character and extent these lands were not even offered for sale.

All other taxes were paid before the alleged sale, and some time before the day appointed therefor. One Thompson, who was acting for the railroad company, made an arrangement with the treasurer whereby the latter agreed to issue certificates to Thompson as though there had been a sale upon being paid forty cents apiece therefor, and furnished with proper receipts from the said company for the tax. This ar-

rangement was carried out, and some time after the regular tax sale certificates of purchase were issued to Thompson. The lands were not offered for sale or sold. Thompson was not present when the cetificates were made out. No evidence was introduced tending to show that either the auditor or treasurer made any record of the alleged sale as required by law. Rev., § 772.

Thompson assigned the certificate to one Hobson and it recites there was a sale, but it is only *prima facie* evidence thereof. Rev., § 784.

No objection was made in the court below to the competency of the evidence tending to show there was no sale. Nor is any such objection made here, but it is insisted it is insufficient to overcome the presumption which exists by reason of the execution of the certificate and deed. As to this we have no doubt, and under the evidence we find the land was not even offered for sale, much less sold.

As there has been no sale, the point made that the plaintiff is estopped from questioning the validity of the tax is immaterial.

II.   Thompson well knew there had been no sale of the premises, and therefore the certificates in his hands were invalid, and such would have been the case if a deed had been made to him.   This is true as to his assignee, Hobson; besides this, it is not shown the latter paid anything for the certificates, and therefore he is not a purchaser for value.

2. DEED: as evidence: recital of consideration.

Hobson conveyed by warranty deed to the defendant. It is recited therein the consideration was one thousand dollars, which was paid. Other than this there is no evidence tending to show the defendant paid anything for such conveyance. His counsel, however, claim he is an innocent purchaser for value and therefore is entitled to be protected.

In *Sillyman v. King*, 36 Iowa, 207, it was held, "upon principle and authority that this recital in the deed, of the payment of the purchase-money, is not evidence thereof against the

plaintiff (in that case) or any stranger to the deed, who is claiming adversely thereto. Such recital is evidence only as between the parties to the deed and persons claiming under or through them," and that "to entitle a subsequent purchaser without notice to protection against a prior title or equity he must have actually paid the consideration before notice."

The plaintiff is a stranger to the conveyance from Hobson to the defendant and is the owner of the prior title, and therefore the latter is not an innocent purchaser for value and cannot invoke such subsequent conveyance to defeat the prior title.

AFFIRMED.