RUSH ET AL. v. MITCHELL ET AL.

| 71  | 333 |
| 105 | 552 |
| 71  | 333 |
| 122 | 166 |
| 71  | 333 |
| 135 | 403 |
| 135 | 630 |

1. **Execution Sale:** IRREGULAR REDEMPTION: ASSIGNMENT OF CERTIFICATE: SHERIFF'S DEED. Where one who was apparently the owner of a junior judgment redeemed from an execution sale of land, and procured an assignment of the certificate of purchase, *held* that, even if he was not entitled to redeem on account of his having assigned his judgment, yet, in the absence of a redemption from himself, he was entitled to a sheriff's deed as a purchaser of the certificate of purchase. (Compare *Wilson v. Conklin*, 22 Iowa, 452.)

2. ———: SHERIFF'S DEED MADE TOO LATE: INTERVENING PURCHASER: GOOD FAITH: EVIDENCE: BURDEN OF PROOF. Plaintiff, claiming title to the land in question under a sheriff's deed made more than twenty days after the expiration of the year for redemption, (Code, § 3125,) brought this action to quiet his title against M., who claimed under a deed made by the execution defendant after the expiration of the twenty days, and before the execution and recording of the sheriff's deed. The deed from the execution defendant was a mere quitclaim, made to one R., for the purpose of defrauding plaintiff. M. took by a warranty deed from R., and gave to R. notes secured by mortgage on the land for the purchase money. The petition put M.'s good faith in issue. *Held*—

    (1) That, since M. took from a fraudulent grantee, she had the burden of proof to show that she was a good faith purchaser for value.

    (2) That the mere recitals in her deed would not show that she paid value for the land. Nor would that fact be established by proof that she executed negotiable notes, secured by mortgage, for the

purchase money, unless she also showed that the notes had been negotiated by her grantor. (See opinion for authorities cited on all branches of the case.)

## Appeal from Fayette Circuit Court.

### SATURDAY, MARCH 12.

ACTION in chancery to quiet the title of certain lands in plaintiffs. There was a decree in the circuit court granting the relief prayed for in plaintiffs' petition. Defendants appeal.

*J. W. Rogers & Son*, for appellants.

*Ainsworth & Hobson*, for appellees.

BECK, J.—I. The parties to this suit claim the land in controversy under conflicting titles. Plaintiffs claim as the

**1. EXECUTION sale: irregular redemption: assignment of certificate: sheriff's deed.**

widow and heirs of Henry Rush, who they allege acquired title under a sheriff's deed executed and recorded April 18, 1882. It appears that the title thus acquired is good, unless it be defeated by defendant's title, which is based upon the following facts: The sheriff's deed to Rush was not executed until thirty days after the expiration of the full time for redemption from the sheriff's sale. April 17, 1882, Hathway, the defendant in the judgment upon which the land was sold, conveyed it by quitclaim to Rogers. The deed was recorded April 18, 1882. On the seventeenth day of April, 1882, defendant Rogers conveyed to defendant Louisa Mitchell the land in question by deed of warranty. On the same day she executed a mortgage to Rogers to secure the payment of the purchase money, $900. The deed and mortgage were recorded on the eighteenth of April, 1882. Defendants insist that their title is paramount to plaintiffs', and base this position on two grounds, which we will proceed to consider.

II. The sheriff's deed was made to Rush upon a redemption made by him under a junior lien, being a decree of foreclosure of a junior mortgage. It is claimed that the evi-

Rush et al. v. Mitchell et al.

dence shows that he did not own this decree, having before assigned it. Upon these facts it is insisted that his redemption was void, and the sheriff's deed to him as a redemptioner is void. It is difficult to discover a ground upon which the defendant in execution, Hathway, or his grantee, can base an objection to Rush's redemption. It is not claimed or shown that Hathway was prejudiced by the redemption of Rush. If he be not prejudiced, he and his grantee ought not to object to the redemption. But, without further inquiry into the right of the defendants to show that Rush had no right to redeem, and refraining from announcing any conclusions upon the question, we are clear in the opinion that, if it be held that he had no right as the owner of the judgment to redeem, his sheriff's deed is nevertheless valid. Before it was made, the certificate issued by the sheriff upon the sale under the senior judgment was assigned to Rush. If he was not a redemptioner as the holder of the junior judgment, he was, by virtue of the assignment, the holder of the certificate of sale, and as such was entitled to the sheriff's deed, under Code, § 3101. This precise point is decided in *Wilson v. Conklin*, 22 Iowa, 452. We conclude, therefore, that the sheriff's deed to Rush is a valid instrument.

III. Defendants insist that the sheriff's deed to Rush does not defeat the title of defendant Mitchell, for the reason that

2. ———: sheriff's deed made too late: intervening purchaser: good faith: evidence: burden of proof. she acquired it without notice of adverse rights under the sale and deed upon which plaintiffs base their title. Before considering this point, it may be remarked that, as Rogers acquired the land by a quitclaim deed, and paid nothing for it, which is shown by his own evidence, he was not a good faith purchaser, and is chargeable with notice of the rights of Rush. The evidence clearly shows that Rogers had also actual notice thereof. Mitchell, therefore, is not protected as a purchaser from one without notice. We shall soon see that, as she has failed to show that she was a *bona fide* purchaser without notice, she cannot hold the land against plaint-

iffs' title. Code, § 3125, provides that, for twenty days after the expiration of the time for redemption from a sale of land upon execution, the proceedings impart constructive notice of the purchase. But under this section only a *bona fide* purchaser without notice is protected. *Harrison v. Kramer*, 3 Iowa, 562. One who is not a *bona fide* purchaser is chargeable with notice. Is Mitchell to be regarded as a *bona fide* purchaser? The petition alleges that the purchase was fraudulently made for the purpose of defeating the title of Rush. Her good faith in the purchase was thus put in issue. The evidence clearly shows that Rogers had full notice of the rights of Rush, and that he acquired the quitclaim deed for the fraudulent purpose of defeating Rush. Mitchell, holding under a fraudulent purchaser, must assume the burden of proving that she purchased in good faith for a valuable consideration. *Throckmorton v. Rider*, 42 Iowa, 84; *Sillyman v. King*, 36 Id., 207; *Falconbury v. McIlravy*, Id., 488.

IV. The recitals of her deed, as to the payment of the consideration, will not show, upon the issue in this case, that she paid value for the land. *Hodgon v. Green*, 56 Iowa, 733; *Falconbury v. McIlravy* and *Sillyman v. King, supra.*

V. The execution of notes, and a mortgage securing them, if the notes, though negotiable, remained in the hands of Rogers, would not be regarded as the payment of the consideration for the land. *Kitteridge v. Chapman*, 36 Iowa, 348. It is shown that the notes and mortgage were executed by Mitchell for the land, but it is not shown that the notes passed out of the hands of Rogers. Without such showing, she cannot claim that she is a purchaser for value. It thus appears that Mitchell has failed to establish that she is a good-faith purchaser for value. She is therefore chargeable with notice of the rights and equities of Rush under the sheriff's deed.

We are brought to the conclusion that the decree of the district court quieting the title of plaintiffs is correct. It is therefore　　　　　　　　　　　　　　　　　AFFIRMED.