G. KLAY, Administrator of the Estate of P. McKellar, Deceased, Appellant, v. JOHN McKELLAR AND EDWARD McKELLAR, Appellees.

Fraudulent Conveyance: BURDEN OF PROOF. In an action by a
1    creditor to set aside as fraudulent a deed from a debtor to his
     brother, the burden of proof is on the creditor to show the
     fraud, and not on the grantee to show the good faith of the
     transaction.

Fraudulent Conveyance: RIGHTS OF CREDITOR. A creditor having
2    neither title nor equity in the lands of a debtor, has no lien
     which he can assert against a good faith purchaser though the
     conveyance is by quitclaim.

*Appeal from Blackhawk District Court.*—HON. FRANKLIN
C. PLATT, Judge.

FRIDAY, JANUARY 15, 1904.

ACTION in equity to set aside certain conveyances.
Decree denying the relief asked, and plaintiff appeals.
The issues are more fully stated in the opinion.—*Affirmed.*

*H. E. Long* and *Burns & Stewart* for appellant.

*O. G. Reiniger* and *Boies & Boies* for appellees.

WEAVER, J.—In January, 1890, Nelson P. McKellar
became the owner by inheritance from his father of an
undivided one-eighth interest in certain real estate in
Blackhawk county, Iowa. On March 25, 1897, said Nelson
P. McKellar conveyed his interest in said lands by quit-
claim deed to his brother Edward McKellar, who in turn,
on March 24, 1900, conveyed the same to another brother,
John McKellar. In the year 1899 Nelson P. McKellar
died intestate, and plaintiff is his duly appointed admin-
istrator. During his lifetime, and about the year 1896, he
became indebted to the Geiser Manufacturing Company
in a considerable sum, a part of which indebtedness re-
mained undischarged at his death. He left no estate ap-
plicable to the payment of claims, unless the real estate
already mentioned can be subjected thereto. Plaintiff
alleges that the conveyance from deceased to Edward
McKellar was voluntary, and fraudulent against existing
creditors, and that John McKellar, the present holder of
the legal title, received the conveyance to himself with
knowledge of such fraud. The prayer of the petition is
that these conveyances may be set aside and the lands
subjected to the payment of the debts of Nelson P. Mc-
Kellar. The averments of fraud are denied by the de-
fendants, who allege the conveyances were in good faith
and for value.

I.  Primarily the case turns entirely upon the ques-.tion of fact raised by plaintiff's allegation that the conveyance by Nelson P. McKellar to Edward McKellar was of a voluntary or fraudulent character. If this charge be not sustained, the relief asked was properly denied. The appellant strenuously insists that the evidence offered in behalf of defendants as to the facts and circumstances of this conveyance cannot be considered, because of the alleged incompetency of the witnesses under the statute. Code, section 4604. For the purposes of this branch of the discussion, we will assume the objection is well taken, and that we have the case before us precisely as appellant, made it by his testimony in chief. The plaintiff's testimony discloses simply this state of facts: The former ownership of the property by Nelson P. McKellar; his indebtedness to appellant, contracted during the period of such ownership; his conveyance of the property by quitclaim to Edward; the conveyance by warranty deed from Edward to John; the death of Nelson P. McKellar; the due allowance of appellant's claim against the estate; the insolvency of the estate; and the value of the property in controversy. The value of the interest of Nelson P. McKellar in the lands at the date of his conveyance to Edward is variously estimated by the witnesses from about $800 to a considerably larger sum. Taking the testimony as a whole, we are inclined to view that such value was not materially in excess of the smaller sum. The deed from Nelson P. to Edward expresses a consideration of $800; and, unless we are to hold that the burden is upon defendants to show the good faith of that conveyance and the payment of the consideration, there is a manifest absence of evidence to justify a decree in plaintiff's favor.

To sustain the proposition that the burden does rest upon the defendants, we are cited to *Sillyman v. King*, 36 Iowa, 207; *Falconbury v. McIlravy*, 36 Iowa, 488; *Hogdon v. Green*, 56 Iowa, 733; *Rush v.*

I. BURDEN of proof.

*Mitchell,* 71 Iowa, 333; *Gardner v. Early,* 72 Iowa, 518. An examination of these cases reveals that not one of them affirms the rule for which appellant contends. In *Sillyman v. King,* the plaintiff stood in the position of a holder of an unrecorded deed - from the defendant, King. With that deed outstanding (though not of record), King, in fraud of Sillyman's rights, conveyed to Lancaster, who had notice of the fraud, and Lancaster conveyed to Dolton. Now, as King had no title whatever to convey to Lancaster or Dolton, and as Dolton's right to hold the land rested solely on a purchase by him in good faith and for a valuable consideration actually paid, it was properly held that the burden rested upon him to establish these facts. Each of the other cases cited is of the same purport. In the case at bar the grantor, Nelson P. McKellar, had title to the property, and had an undoubted right to sell and convey the same by perfect title to the purchaser. Appellant, as a mere general creditor of the grantor, had no equity in the land. Edward McKellar had an equally undoubted right to purchase and to take title to the land. It is true that dealing between parties intimately related, resulting in delay or hindrance to creditors, will be scrutinized closely, and promptly set aside if fraud be established; but, so far as we are aware, that rule has never been so far extended as to hold that a deed, fair in form, from one brother to another, is presumptively fraudulent or voluntary. Bump on Fraudulent Conveyances, 54; Wait on Fraudulent Conveyances, sections 242, 271. The creditor may, however, allege the fraudulent or voluntary character of the conveyance, and, if the charge be made good by proof, may subject the property to the payment of his claim. Appellant herein makes the necessary allegations, but there is nothing either in the averments of his petition or in the facts developed by his testimony which releases him from the operation of the ordinary rule which casts

the burden of proving fraud upon him who alleges it. Such was the holding of this court in *Allen v. Kirk*, 81 Iowa, 667; *Oberholtzer v. Hazen*, 92 Iowa, 602; *Cathcart v. Grieve*, 104 Iowa, 334; *Conry v. Benedict*, 108 Iowa, 666.

It is further said by appellant that as Edward McKellar took a conveyance by quitclaim he took it "with notice of the right of the Geiser Manufacturing Company to sub-
2. RIGHTS of creditor. ject the property" to the payment of the debt against his grantor, and consequently holds the title subject to that right. The authorities relied upon in this connection (of which *Postel v. Palmer*, 71 Iowa, 157, is a type) are not in point. They go no farther than to hold that a person holding a conveyance by quit-claim deed is bound to take notice of defects in his grantor's title. He is not an innocent purchaser, and cannot assert his title against a prior unrecorded deed from his grantor. It would seem to need no argument to make clear the distinction between these cases and the one at bar. As we have already noted, the Geiser Manufacturing Company had neither title nor equity in the land. The fact that in some future proceeding this land, if still owned by Nelson P. McKellar, could be subjected to the payment of the company's claim, constitutes no equity or lien which can be asserted against a purchaser in good faith in the ordinary course of business. There is no evidence tending to impeach the good faith of Edward McKellar in taking title to the land.

II.    It is clearly established that Edward paid the full expressed consideration of $800 for the conveyance made to him. Even if we exclude the testimony of the two defendants as incompetent under the statute, there is still left competent and undisputed testimony that when the deed was forwarded for the signature and acknowledgment of Nelson P. McKellar it was accompanied by a draft of $400 to apply upon the purchase price, and that the same was actually delivered to him. It is also shown that

another item of $200 was discharged by the payment of a debt of that amount to another brother, and it sufficiently appears that the remainder of the consideration for the deed was applied in payment of a valid indebtedness from the grantor to the grantee.  Nor is there anything to indicate that in taking this conveyance Edward had any purpose or intent to assist Nelson P. in hindering or delaying the creditors of the latter in the collection of their claims.

It follows, therefore, that, without regard to the proper location of the burden of proof, the plaintiff is not entitled to a decree.—AFFIRMED.