# C. I. T. CORPORATION v. FRANCIS, SHERIFF (INTERNATIONAL HARVESTER COMPANY, INTERVENER)

(No. 2118; August 22, 1939; 93 Pac. (2d) 507)

For the appellant, there was a brief by *J. A. Christmas* of Kemmerer, Wyoming, and *Roberts & Roberts* of Salt Lake City, Utah, and oral argument by *Ben E. Roberts*.

For the intervening defendant and respondent, there was a brief by *William L. Simpson* of Jackson, *(Milward L. Simpson* of Cody, of counsel on the brief), and oral argument by *Walter T. More* of Cheyenne.

BURGESS, District Judge.

On September 28, 1936, one Buck Weaver of Teton County in this state sold to Henry Miller of the same place a motor truck and took from him a mortgage thereon to secure the purchase price. On the same day Weaver assigned the mortgage to the International Harvester Company and on October 22, 1936 the mortgage and the assignment thereof were filed in the office of the County Clerk of Teton County.

On April 15, 1937, the truck was sold and delivered back to Weaver by Miller. On April 22, 1937 Weaver again sold the truck, this time to Owen Shearer and took from him a conditional sales contract. This contract was then assigned by Weaver to the C. I. T. Corporation and on June 21, 1937 was filed for record in the office of the County Clerk of Teton County.

Miller having defaulted in the conditions of the mortgage, the International Harvester Company in August, 1937, caused the sheriff of Teton County to take possession of the truck in question and commenced foreclosure proceedings.

The C. I. T. Corporation claiming the truck through

the conditional sales contract above mentioned replevined it from the sheriff, the International Harvester Company intervened, the District Court found the chattel mortgage superior to the Conditional Sales Contract, and the C. I. T. Corporation brings the case here for review.

The claim of the C. I. T. Corporation, appellant here, is that the contract, though executed and filed subsequent to the mortgage, is superior in right to it for the reason that the mortgage was not executed in accordance with the laws of this state, was, therefore, not entitled to be filed in the office of the county clerk and that the filing thereof imparted no constructive notice of its existence.

Sec. 71-103, Wyo: 1931 Rev. Stat. prescribes two methods of execution of a chattel mortgage so as to entitle it to be filed in the office of the county clerk. One is for it to be executed in the same manner as provided by law for the execution of conveyances of real estate; the other is for the mortgage to be signed in duplicate by the mortgagor in the presence of two witnesses who also sign the instrument as attesting witnesses.

In the execution of the mortgage in question the latter method was followed or attempted to be followed. It was signed by Miller as the mortgagor and by Buck Weaver and Mrs. C. E. Weaver as the attesting witnesses to his signature.

Buck Weaver was the mortgagee and this interest, the appellant claims, rendered him an incompetent attesting witness and in legal effect left the mortgage with but one witness with the result it was not entitled to be filed and imparted no constructive notice of its existence.

For the proper decision of the case we find it unnecessary to pass upon that matter but shall assume without deciding that the mortgage was improperly

executed, not entitled to be filed, and is to be considered as never filed.

The mortgage, however, was good between the parties and being prior in time was prior in right to the conditional sales contract. To displace this priority of right the appellant must come within some provision of our statutes designed to protect the purchaser from an unfiled chattel mortgage.

By Sec. 71-105 of the 1931 Wyoming Revised Statutes every chattel mortgage not accompanied by immediate delivery and followed by an actual and continued change of possession of the property mortgaged is void as against the creditors of the mortgagor and as against subsequent mortgagees or purchasers in good faith unless filed or recorded as by law provided and, Sec. 71-113 of the same statutes provides that every chattel mortgage shall take effect and be in force from and after the time of delivering the same to the clerk for filing and not before as "to all creditors and subsequent purchasers and mortgagees in good faith for valuable consideration and without notice" and that any chattel mortgage shall be valid between the parties until the debt thereby secured is fully paid.

By virtue of these statutes it must appear that in taking the conditional sales contract in question the appellant was a purchaser in good faith for valuable consideration and without notice of the mortgage, and if that be true who else but he has the burden of showing it. Should not he who seeks the protection of the statute have the burden of proving that he comes within it? We think he should.

We realize the cases are not in harmony as to who has the burden of proof in a situation such as we have here but we believe the general rule to be as we have stated. See Hood v. Webster, 107 A. L. R. 497.

Furthermore this court has twice had occasion to pass upon the question of burden of proof where there

were involved an unrecorded conditional sales contract and the claims of creditors under a statute the same in principle as the statutes above cited and in both cases it was held the burden was upon him who was seeking the statutes' protection to show that he came within it.

Crumrine v. Reynolds, 13 Wyo. 111, was a case where the contest was between an unrecorded conditional sales contract for the sale of personal property and the trustees under a trust agreement executed by the vendor for the benefit of his creditors. The statute relating to conditional sales provided that no such sale shall be valid against a purchaser or judgment creditor without notice, unless the same be in writing and filed in the office of the county clerk. This court speaking through Justice Potter said the burden was upon the defendants asserting title in other parties by reason of the failure to record the contract to show that such other parties were in a situation to claim the protection of the statute and quoting from a Vermont case said "When a party seeks to appropriate the property of a conditional vendor * * * he must show that he is within the terms of the statute giving such right. He must show that he did not have notice of the vendor's lien. The language of the statute imports this and the fact that he had, or had not, such notice at the time of the attachment is peculiarly within his knowledge."

And in Casper Motor Co. v. Marquis, 31 Wyo. 115, in another contest between an unrecorded conditional sales contract and an attaching creditor where the same statute was involved as in the Crumrine case this court speaking through Justice Blume said, "It has been settled in the case of Crumrine v. Reynolds, 13 Wyo. 111, that the burden of proof to show want of knowledge of such contract on the part of the attaching creditor is upon him or upon the party representing him. The appellant has wholly failed to sustain this burden and apparently no attempt was made to do so.

Joe Rodish, the attaching creditor, was a witness in the case yet he failed to testify that at the time of the attachment he had no knowledge of the existence of the contract in question. That fact would seem to show that he had knowledge thereof."

There may conceivably be situations where by reason of the state of the pleadings or the nature of the relief asked for the burden would be upon the holder of an unrecorded instrument affecting the title to real or personal property to show that a subsequent purchaser or encumbrancer did not take his conveyance in good faith but the case at bar does not present such a one.

The appellant in its answer admits the execution and delivery to Weaver by Miller of the mortgage in question and the assignment of it to the appellee, admits that it was "duly filed for record in the office of the county clerk * * * on October 22, 1936, and that it is duly recorded" in said office. It then alleges the sale back to Weaver of the truck in question by Miller and that the appellee consented to such sale and agreed to look to Weaver for the balance due on the purchase price of said truck. It further alleges that Weaver sold the truck to Shearer in April, 1937, on a conditional sales contract which was assigned to it for a valuable consideration. Nowhere, however, does it allege that at the time it took the assignment from Weaver it had no knowledge of the existence of the mortgage.

There was no evidence offered by appellant that the appellee had agreed to look to Weaver for the balance due on the Miller mortgage.

Nor was there any evidence offered by the appellant that it had no knowledge of the existence of the mortgage at the time it took its assignment of the contract although its branch manager who personally handled the matter of taking the assignment from Weaver was on the stand and testified. This failure of his to testify that he knew nothing of the mortgage when he took

the assignment for his company would, as observed by Justice Blume in the Marquis case, supra, "seem to show that he had knowledge thereof."

Whether the appellant knew of this mortgage before it took the assignment was certainly important in this case, in fact it was crucial, and when the officer who handled the matter for his company took the stand and was silent about his knowledge of the mortgage it is a circumstance which the trial court might well consider in determining whether the appellant was acting in good faith.

This same officer was asked by appellants' counsel:

"Q. State whether or not you know of your own knowledge, that the C. I. T. Corporation paid or gave a valuable consideration to Buck Weaver for the assignment of said contract.

"A. They did."

That is all the evidence bearing upon the matter of valuable consideration. How much it was, or when it was paid, do not appear. Whether it was fair, reasonable or adequate for the contract bought is not disclosed. At any rate it was a valuable consideration in the opinion of the witness. If the amount had been stated the trial court might have agreed with the witness and it might not. The amount of the consideration and the time when paid certainly had a bearing upon the bona fides of the transaction, but they were not stated to the trial court. It would have been justified in believing from this circumstance that the appellant was desirous of giving it as little information about the transaction as possible.

True, counsel for appellee could have cross-examined the witness in detail about all these matters but he was not required to do so. It was the duty of appellant to make a full disclosure of all the facts and circumstances surrounding the transaction so that its good faith, its lack of knowledge of the mortgage, and its parting with

valuable consideration might appear to the satisfaction of the trial court. We do not know upon what theory the trial court decided the case. It might not have believed that the appellant was a purchaser for valuable consideration without notice and in good faith, and if so we can not say it was wrong.

The judgment of the district court of Teton County will, accordingly, be affirmed.

RINER, Ch., J., and KIMBALL, Justice, concur.