LESTER A. YORK, Plaintiff and Respondent,

**v.**

JOHN P. JAMES, Defendant and Appellant.

(No. 2280; May 2, 1944; 148 P. 2d 596)

For the defendant and Appellant there was a brief by Thomas O. Miller, of Lusk, Wyo., and an oral argument by John P. James, of Denver, Colorado, pro se.

For the Plaintiff and Respondent there was a brief and an oral argument by William G. Watt, of Lusk, Wyo., and an oral argument by Arthur H. Laws, of Denver, Colo.

## OPINION

BLUME, Justice.

This is an action to quiet title, brought by the plaintiff York against the defendant James. The court found in favor of the plaintiff and from the judgment

entered accordingly the defendant has appealed. The parties will be referred to herein as in the court below.

The plaintiff alleged that he is the owner and in possession of the East Half (E½) of the West Half (W½), the West Half (W½) of the East Half (E½) of Section Thirty-five (35), Township Thirty-five (35) North, Range Sixty-five (65), West of the Sixth (6th) P. M., in Niobrara County, Wyoming; that the defendant claims an interest in said land adverse to the plaintiff; that the claim of the defendant is without any right whatsoever, and that he has no estate, right, title or interest in the land. Plaintiff, accordingly, prayed that the defendant be required to set forth the nature of his claim; that the adverse claim of the defendant be declared void; that he be enjoined from hereafter asserting any such claim. The defendant filed an answer denying the ownership or possession of plaintiff, admitting that he claims an interest in the land, and denying the other allegations of the petition. He also filed a cross-petition in substantially the form as the petition of the plaintiff. Neither of the parties set out the source of his title.

It appears herein that one Lena Shaner, then owner of the lands above mentioned, conveyed the land by warranty deed to the defendant, John P. James, the deed being dated August 10, 1940, and acknowledged on Septembr 18, 1940. The deed bears on its face revenue stamps of the United States Government in the sum of 55c, and purports to be in consideration of $10 and other considerations. The deed was not recorded in Niobrara County, Wyoming, in which the land is situated, until March 14, 1941. On January 16, 1941, the same Len Shaner made and executed her warranty deed conveying the premises herein involved to the plaintiff, Lester A. York. The deed was

acknowledged on January 16, 1941, and purports to be signed by the Grantor, by her mark, and was witnessed by the Notary Public, Oscar L. Berggren, and by Ethel A. York. The deed was duly filed of record in Niobrara County, Wyoming, on January 23, 1941. It purports to be in consideration of $1.00 and other good and valuable considerations, and bears no revenue stamp.

Upon the trial of the case the plaintiff York merely introduced in evidence the conveyance made to him by Lena Shaner and rested. Thereupon a motion was made by the defendant for a judgment in favor of the defendant. That motion was overruled. Thereupon the defendant introduced his testimony, but did not renew the motion at the end of all of the testimony. The defendant now complains that the court erred in overruling the motion he made at the time when the plaintiff rested. We need not determine whether that was right or not. In not renewing the motion after all the testimony was introduced he waived whatever error the court committed. Boyl v. Moutford, 39 Wyo. 131, 270 P. 537.

The defendant also complains of the fact that the court did not permit the defendant who was a witness in the case and who is, by profession, an attorney, to testify to the mental incompetency of Lena Shaner and the disease under which she labored ,at the time of the execution of the deed to York. The point, however, is not argued and hence must be considered waived, under the ruling of this court. Wood v. Stevenson, 30 Wyo. 171, 217 P. 953, and other cases.

The main question herein is as to whether or not the judgment herein is sustained by any evidence. It may be noted that the deed to the defendant James

was executed several months prior to the deed made by Lena Shaner to the plaintiff York, but was not recorded until after the conveyance to the plaintiff York had been placed of record. Section 97-135 Rev. St. 1931, provides that:

"Every conveyance of real estate within this state, hereafter made, which shall not be recorded as required by law, shall be void, as against any subsequent purchaser or purchasers in good faith and for a valuable consideration of the same real estate or any portion thereof, whose conveyance shall be first duly recorded."

And Section 97-102, Rev. St. 1931, provides that:

"The term 'purchaser,' as used in this article shall be construed to embrace every person to whom any estate or interest in real estate shall be conveyed for a valuable consideration, and also every assignee of a mortgage or lease, or other conditional estate."

The Supreme Court of California, in considering a like statute in the case of Bell v. Pleasant, 145 Cal. 410, 78 P. 957, 104 A. S. R. 61, stated as follows:

" 'A subsequent deed by the grantor to another person does not of its own force convey any title, for the grantor, having previously parted with his title, has left in himself nothing to convey and his deed alone can therefore convey nothing. It can only be effective, as against the first grantee, when supplemented by proof that it was first recorded, and that the grantee therein named purchased for value and without notice of the prior deed, or of the rights of the first grantee. This, also, is an attempt to change a legal condition; the necessary facts cannot be presumed in favor of the second grantee, and hence the burden is on him to make the supplementary proof'."

This Court has held under a similar statute governing chattel mortgages and conditional sales that the burden to prove that he was a purchaser in good faith for valuable consideration and without notice, is upon the grantee of a subsequent chattel mortgage or con-

ditional sale which is first recorded. C.I.T. Corporation v. Francis, 54 Wyo. 421, 93 P. 2d 507. Crumrine et al. v. Reynolds, 13 Wyo. 111, 78 P. 402, 404. See also Casper Motor Co. v. Marquis, 31 Wyo. 115, 223 P. 764, 765. That rule, as applicable to conveyances of real estate, seems to be sustained by the great weight of authority in the United States. Note 107 A.L.R. 502.

Has the Plaintiff York, who has the subsequent conveyance from Lena Shaner, sustained this burden of proof? He testified that he had no notice of the conveyance to James, and the judgment may, therefore, be said to be sustained so far as that point is concerned, but no evidence was produced by the plaintiff to show that he paid any consideration for his conveyance unless it be that, as counsel for the plaintiff claims, the recitals make a prima facie case in his favor. We are cited to the case of Rue, et al. v. Merrill, et al., 42 Wyo. 511, 297 P. 379. The case is not in point. In that case the recital of a consideration was held to be evidence against the grantor in the conveyance and that holding appears to be in conformity with holdings generally. The case at bar presents a different situation. In this case the recital is claimed to be evidence against a party who claims adverse to the plaintiff herein. It is stated in 27 R.C.L. 701, that: "As a general rule the purchaser cannot rely merely on the acknowledgment in his deed of the receipt by the grantor of the valuable consideration recited as proof that he is a purchaser for value. Such an acknowledgment or receipt is only evidence of payment as between the parties to the deed and not as against strangers." In 32 C.J.S. 549, it is said that "while such recitals are competent evidence against parties to the instrument, or their privies, they are not competent as against strangers. An exception to the general rule of exclusion is, however, generally recognized in the case

of ancient documents, the recitals of which are held evidence even against strangers." In 18 C.J. 267, it is said: "Nor, it is decided, is the acknowledgment of a receipt in a deed of payment any evidence thereof as against strangers to the instrument." A note on the subject is contained in 107 A.L.R. 513-517. About eighty cases from twenty-three different jurisdictions are cited in support of the authorities just cited. To the cases so cited may be added the following: McGintry, et al. v. Reese, 10 Ala. 137; Galland v. Jackman, 26 Cal. 79, 85 A.M. Dec. 172; Bolton v. Johns, 5 Pa. St. 145, 47 Am. Dec. 404; Hogdon v. Green, 56 Iowa 733; Falconbury v. McIlravy, 36 Iowa 488; Rush v. Mitchell, 71 Iowa 333, 32 N.W. 367; Ranney v. Hardy, 43 Ohio St. 157, 1 N.E. 523; DeVendal v. Malone's Executors, 25 Ala. 272, 277; Clark v. Depew, 25 Pa. St. 509, 64 Am. Dec. 717; Henry v. Raiman, 25 Pa. St. 354, 360, 64 Am. Dec. 703; King v. Mead, 60 Kan. 539, 57 P. 113. In the case of Nolen & Thompson v. The Heirs of Gwyn, 16 Ala. 725 (decided in 1849), it appears that one Simmons was the grantor of two deeds, the first one being made to Connell, and the second to Nolen, the first conveyance never having been recorded. The court said:

"There was no proof whatever that Nolen (the second grantee) had paid the purchase money specified in the deed to him, except the recitals in the deed. Are such recitals evidence against Connell, or those who claim under him? The rule we think is without exception, that the declarations or admissions of a vendor or assignor, made after the sale or assignment, are not evidence to defeat his vendee or assignee. A contrary rule would enable a vendor or assignor, after he had parted with all his interest, to defeat the title of his own purchaser. Now, the recitals in the deed from Simmons to Nolen, acknowledging the payment of the purchase money from Nolen, can be considered in no other light. Simmons had parted with all his interest in the land by his deed to Connell, and

he therefore could make no admissions that would be binding on Connell or those who claim under him."

The Supreme Court of Michigan in 1871, in the case of Shotwell v. Harrison, 22 Mich. 410, 420, followed the case just mentioned, and stated, among other things:

"Besides the recital in the deed in such a case as the present would seem to be res inter alios, mere hearsay, and to stand upon no other ground than the mere declaration of the grantor, which would be no evidence against any party not claiming under the deed but against it."

The subject is discussed at considerable length by Devlin on Real Estate, 3d Edition, Sections 817-821. In the last mentioned Section the author approves of the authorities heretofore cited, and, in fact, considers the rule therein stated to be elementary, saying that:

"One of the most firmly established principles of law is that one person shall not suffer by the declarations or admissions made by another out of his presence, without the opportunity to deny or cross-examine, unless there is some relation of privity, mutual interest, or agency between them."

It is clear, accordingly, that the recitals of the deed from Lena Shaner to York were no evidence of a consideration as against the defendant James. It may be that an exception to the rule should be made when the parties to the subsequent conveyance are dead, but that is not true here. The judgment, accordingly is without support in the evidence and hence is contrary to law.

Counsel for the plaintiff claim that the rule of the foregoing authorities cannot be invoked in this case for the reason that the want of consideration for the deed to York was not put in issue. We do not say that such contention might not be correct in some cases, as, for instance, appears in Jones v. Berkshire, 15

Iowa 248, referred to in 27 R.C.L. 701, in which the allegation of the subsequent purchaser that he was a purchaser in good faith was left uncontradicted, so that, as the court held, the allegation was substantially admitted. We have no such case here. The duty to plead a fact is, of course, ordinarily on the party who has the burden to prove it. The burden to prove that he was a purchaser in good faith was on the plaintiff York as shown above. Hence, if it was necessary to plead that fact, the duty to do so was on the plaintiff. He did not do so. The duty to plead and prove the negative was not on the defendant. Moreover, plaintiff did not see fit to plead the source of his title, either in the petition or in his reply. Defendant could not know, definitely at least, until the trial of the case, upon what conveyance plaintiff relied to show his title. Hence, defendant had no opportunity, any proper one at least, to attack, in his answer, the conveyance from Lena Shaner to the plaintiff, and could not be held responsible for the fault of the plaintiff. The latter pleaded generally that he had title to the property involved herein. The defendant denied that. He put the question of consideration in issue as near as it was possible in view of the plaintiff's pleadings.

Counsel for plaintiff also contend that we should not consider the point for the reason that the assignment of error herein is insufficient. That assignment is in the following words: "The Court erred in making and entering its findings and judgment against the defendant and in favor of the plaintiff." Such an assignment has been held defective in several cases decided by this court. Leach v. Frederick, et al., 36 Wyo. 121, 253 P. 669; Stein, et al. v. Schuneman, 39 Wyo. 476, 273 P. 543; Posvar v. Pearce, et al., 37 Wyo. 509, 263 P. 711; Peterson v. Le Faivre, 44 Wyo. 378, 12 P. 2d 385. It is rather unfortunate that counsel are so

busy that they do not have the time to consult the decisions of this court, and that we should continually be presented with a simple question of practice which has been before this court a number of times. However, in the case of Bowman v. Bowman, 53 Wyo. 298, 82 P. 2d 357, we, citing the foregoing cases, nevertheless considered the case on its merits. That was true also in the case of Miracle v. Barker (Wyoming) 136 P. 2d 678. In Benson's Administrator v. Stein, 34 Ohio St. 294, the court stated that while it would not ordinarily reverse a case on the grounds not specifically assigned for error, it may in its discretion do so. In the case of Wyuta Cattle Co. v. Connell, et al., 43 Wyo. 135, 299 P. 279, 3 P. 2d 101, it was urged in the petition for rehearing that the case had been decided upon points which had been neither assigned nor argued as error by the appellant, but the court overruled the contention and, among other cases, cited Samuell v. Moore Mercantile Co., 62 Mont. 232, 204 P. 376, 377, in which the court considered an error patent upon the record although, as stated by the court, counsel had disregarded the rules of the court in the most flagrant manner; the assignments of error presented no question for review, and their brief was practically devoid of argument and did not contain the citation of a single authority in support of their position. In 4 C.J.S. 1790-1792, it is said: "A general assignment of error that the court erred in the judgment rendered is insufficient, except, it would seem, in cases where only a single issue is involved, or where it is patent on the face of the record that the judgment rendered is clearly contrary to law." That is substantially the situation here. A cursory examination of the record shows that the judgment is not sustained by any evidence herein and that it is, therefore, contrary to law. That even appears from the

briefs of the parties herein. The plaintiff, attempting to answer defendant's contention that the former failed to prove a consideration for his deed, merely claims that the recitals in the deed from Lena Shaner to York are a sufficient showing of a valuable consideration. That is not true, as we have seen. The point has been fully argued by both parties herein and the error is too palpable for us to disregard it, notwithstanding the defective assignment of error.

The judgment herein must, accordingly, be reversed and remanded to the District Court for a new trial. We might incidentally mention the fact, since the point arose in the trial below, that Section 89-1704 Rev. St. 1931, which prohibits parties from testifying in certain cases, does not prohibit them from testifying in cases which involve the invalidity of a conveyance, for that section, at its end, specifically provides that "nothing in this section contained shall apply to actions for causing death, or actions or proceedings involving the invalidity of a deed, will or codicil" etc. See 70 C.J. 222-223, 309.

The judgment herein is, accordingly, reversed and remanded for a new trial as above mentioned.

*Reversed and Remanded.*

KIMBALL, C. J., AND RINER, J., concur.