## HANKS v. HANKS

(No. 1001; Decided September 1, 1920; 191 Pac. 1077)
(Rehearing Denied October 18, 1920; 192 Pac. 689)

APPEAL AND ERROR—TYPOGRAPHICAL ERROR IN OPINION NOT GROUND FOR REHEARING—DIVORCE—PLEADING—SEPARATE CAUSES OF ACTION —MOTION TO SEPARATELY STATE AND NUMBER—MOTION TO STRIKE MATTERS FROM PETITION—GENERAL DEMURRER WAIVES RIGHT TO MOVE TO SEPARATELY NUMBER AND MAKE MORE SPECIFIC.

1.   A petition in a divorce action alleging indignites by defendant rendering plaintiff's condition intolerable, consisting of habitual drunkenness with wanton and extreme cruelty stated but one cause of action, that of indignities, although habitual drunkenness is enumerated in the statutes (Sec. 3924 C. S. 1910) as a specific ground for divorce, and motions for the separate numbering of separate causes of action and for striking matter from the petition were properly refused.

ON PETITION FOR REHEARING.

2.   An error in citation contained in the original opinion, which clearly appears to have been a mere typographical error, is no ground for granting a rehearing.

3.   The right of defendant to file motions to require the plaintiff to state and number separately the several causes of action, and to strike portions of the petition, is waived by filing a general demurrer before the motions were filed.

APPEAL from the District Court, Sweetwater County; HON. JOHN R. ARNOLD, Judge.

'Action by Laura A. Hanks against Walter Hanks, Sr., for divorce. There was a judgment for plaintiff and defendant appeals.

*Brown and Denise,* for Appellant.

The petition alleges several causes of action, and the Court erred in denying defendant's motion that they be separately stated and numbered; an allegation of ground for divorce in the language of the statute is sufficient; (Bates P & P 1488-1489; Reading v. Reading, 30 Pac. 803;) habitual drunkenness is a specific ground of divorce; Sec. 3924 C. S. Sub. Div. 5; cruelty is also a specific ground for divorce; if two or more grounds of divorce may be alleged under the head of indignities, then each and all of the II specific grounds of divorce may be so included in one cause of action; causes of action defined Pomeroy C. Rem. 347; the statute, Sec. 4380 C. S. requires each cause of action to be separately stated and numbered; the grounds should be in separate counts, (9 R. C. L. 420; Pomeroy C. D. Rem. 336) : the petition states three causes of action in one count; the motion to strike portions of the petition should have been sustained; personal indignities and extreme cruelty are distinguished, (14 Cyc. 599-625) : the early rule required actual violence; under the modern rule, any unjustifiable conduct, seriously impairing bodily health or endangering life constitutes cruelty; habitual drunkenness within the meaning of divorce statutes is the existence of a confirmed habit of becoming intoxicated, and an inability to control the appetite; there is no similarity between cause for divorce on the ground of habitual drunkenness and a cause on the ground of indignities or extreme cruelty; evidence of habitual drunkenness will not establish an allegation of extreme cruelty, 9 R. C. L. 336.

*T. S. Taliaferro, Jr., and W. A. Muir,* for Respondent.

·The decree is based upon indignities rendering plaintiff's condition intolerable a cause of action sufficiently pleaded; appellant has not been prejudiced·; pleadings are liberally

construed; Sec. 4416 C. S. errors or defects not affecting
substantial rights are disregarded, Sec. 4438 C. S. (Bear
v. Knowles, 36 C. S. 45; Goldberge v. Utley, 60 N. Y. 427);
the objections could have been made to the admission of im-
material evidence at the trial, and not having been made
is conclusive that appellant was not prejudiced. (Cribb
v. Hudson, 16 Pac. 10201; Mansfield v. Shipp, 27 N. E.
428; Mullockey v. Manker, 170 Pac. 32; Metcalf v. Gilbert,
19 Wyo. 342; Williams v. U. P. R. R. Co., 20 Wyo. 403);
prejudice might follow in some cases if separate causes of
action are not separately stated and numbered; (Schuyler v.
Balloug, 40 N. W. 412); there is but one cause of action
here; drunkenness is an indignity; (Barber v. Barber, 14
L. R. 375; Dawson v. Dawson, 23 Mo. App. 169; Ryan v.
Ryan, 47 Pac. 101).

*Brown and Denise,* in Reply.

The error complained of was clearly prejudicial, (2 Ency
P & P 532; 2 R. C. L. 196; 3 Cyc. 386); it is sufficient if
a party may have been prejudiced; (Jones v. Bangs, 40 O.
S. 139). There is no presumption that error was harmless;
(Dubois v. Perkins, 21 Ore. 189; Stark v. Wellman, 96 Cal.
400).

TIDBALL, District Judge.

This is an appeal from the judgment of the District Court
of Sweetwater County, granting a divorce to Respondent,
who was plaintiff below. It is claimed that the court below
erred in two particulars, namely, in denying the motion of
defendant to require plaintiff to separately state and num-
ber her separate causes of action set forth in her petition;
and in denying the motion of defendant to strike certain
words and clauses from plaintiff's petition. That portion
of plaintiff's petition to which the motions of defendant
were directed is as follows:

"The defendant has offered such indignities to the plain-
tiff as to render her condition intolerable as the wife of the
defendant; that such indignities consist in habitual drunk-

enness extending over a period of more than five years, accompanied with wanton and extreme cruelty to the plaintiff in quarreling with and nagging at the plaintiff whenever they are together, or an opportunity arises so to do, so that the last five years have been ones of constant irritation, neglect, indifference, quarreling, abuse, contempt, exhibited by the defendant toward the plaintiff, which with the drunkenness of the defendant, and the lack of consideration, love or affection exhibited towards the plaintiff, has rendered the plaintiff's condition intolerable.''

To this petition the defendant filed a motion to require the plaintiff to separately state and number her causes of action, the defendant claiming that in the petition were joined an alleged cause of action for indignities, an alleged cause of action for habitual drunkenness, and an alleged cause of action for extreme cruelty. This motion of defendant's was denied by the trial court and the defendant was given an exception to the court's ruling. This is the first error assigned by the defendant in this court.

After the above motion of defendant was denied by the trial court, the defendant filed another motion praying that the court strike from plaintiff's petition the following matter: ''that such indignities consist in habitual drunkenness extending over a period of more than five years'', and also the words ''wanton and cruelty'', for the alleged reason that such matter constituted no part of the plaintiff's cause of action. This motion was also denied by the trial court, and after the trial court had denied the second of defendant's motions, defendant refused to plead further, and the case proceeded to final judgment upon the evidence of the plaintiff alone. Such denial is the second error assigned by appellant in this court.

The Wyoming Compiled Statutes, Section 3924, provide as follows:

''A divorce from the bonds of matrimony may be decreed by the district court  *  *  *  in either of the following cases:  *  *  *

Fifth—When the husband or wife shall have become an habitual drunkard.

Sixth—When one of the parties has been guilty of extreme cruelty to the other.   *   *   *

Eighth—When either party shall offer such indignities to the other, as shall render his or her condition intolerable.''

The first error assigned in this court is, as above stated, the denial by the trial court of defendant's motion to com pel plaintiff to separately state and number her several causes of action. The defendant contends that each separate cause for divorce provided for in the above statute constitutes a separate cause of action and that plaintiff's petition alleges three separate causes for divorce, namely, indignities, habitual drunkenness, and extreme cruelty.

We are of the opinion that the petition of plaintiff attempts to allege, and in fact does allege, but one cause of action for divorce, namely, indignities rendering the condition of plaintiff intolerable. The fact that the acts con stituting indignities may have occurred while the defendant was in a state of intoxication, or were perpetrated because of such intoxication, would not render them any the less indignities, and this would be true even though the intoxication had become habitual. And even though the pleader may have characterized the acts constituting indignities as ''accompanied with wanton and extreme cruelty,'' such characterization would not render the petition bad for duplicity. It may well be that the words ''accompanied with wanton and extreme cruelty'' could have been omitted from the petition without impairing its force or validity; but certainly the characterization of acts constituting indignities as cruel would not change the legal effect of the acts pleaded.

Ruling Case Law, Vol. 9, Page 420, says: ''It has also been held that in a suit for divorce on the ground of extreme cruelty, the plaintiff may allege instances of voluntary intoxication in connection with other matters as con-

stituting acts of cruelty, and in so doing does not plead two separate causes for divorce, though habitual drunkenness is also a specific ground for divorce.''

Corpus Juris, Divorce, Sec. 266, lays down the rule as follows:

''If several acts, each constituting a separate ground for divorce, constitute collectively an additional ground for divorce, the injured party may procceed upon the latter alone.'' (The case of McCann vs. McCann, 91 M. C. A. 1) holds that where ''indignities'' are a ground for divorce, if a spouse has been guilty of several acts of misconduct which would warrant a divorce on the ground of adultery or habitual drunkenness, and they have been brought to the knowledge of the innocent party, they need not be set out as ground for divorce in the statutory words, for, if the acts are numerous and of a sort to render the condition of the injured spouse intolerable, they may be charged as indignities. (In the case of Sedgwick vs. Sedgwick, 50 Colo. 164 Pac. 488, Ann. Cas. 1912 C., 653,) the court in the course of its opinion uses this language: ''If drinking or being drunk is interwoven with acts of cruelty or even is the cause of them, it cannot be used to defeat a divorce action based on cruelty because habitual drunkenness for a space of one year is a distinct ground for divorce.''

In our opinion the petition in question states but one cause of action, namely indignities rendering the condition of plaintiff intolerable. This evidently was the view taken by the trial court, as that court in its decree granting plaintiff a divorce from defendant found that the defendant had offered such indignities to the plaintiff as to render her condition intolerable as the wife of the defendant.

In view of what is said above in disposing of the matter of defendant's motion to require the plaintiff to separately state and number her several causes of action, it follows that the trial court did not err in refusing to strike from

plaintiff's petition the references to habitual drunkenness and cruelty of conduct.

The judgment of the district court is affirmed.

*Affirmed.*

BEARD, C. J., and POTTER, J., concur.

Blydenburgh, J., being unable to sit in this case, Hon. V. J. Tidball, Judge of the Second Judicial District, was called in as a member of the court and sat in his stead.

#### ON PETITION FOR REHEARING

BEARD, Chief Justice.

A petition for rehearing has been filed in this case. The brief in support thereof is simply a reargument of the points discussed in the briefs and oral argument submitted upon the hearing of the cause. We see no reason to depart from the decision as handed down. It is also urged that the decision is erroneous because of a typographical error in a citation in the opinion, wherein it cites Corpus Juris, Divorce, Sec. 226, instead of Sec. 266. It so clearly appears that this was merely a typographical error that it merits no further attention, and is no cause for granting a rehearing. It will be corrected in the said opinion.

There is also another reason, not stated in the opinion because not presented in the brief or argument, why the decision of the district court should be affirmed. The record on appeal discloses that a general demurrer was filed to the petition before the motions, the rulings on which are complained of, were filed. The demurrer was filed July 5, 1919. The motion to require plaintiff to separately state and number the several causes of action was filed August 16, 1919, and the motion to strike out certain words and clauses from the petition was filed September 9, 1919. By filing the general demurrer, the defendant waived the alleged defects in the petition of which complaint is made. (Fritz v. Grosnicklaus, 20 Neb. 413; Powers v. Powers, id 529; 31 Cyc. 725; Montgomery & Ault v. Thomas & Walters, 7 O. N. P. 669; Kelly v. Talbott, 19 Ky. Law 632; Abbotts Trial Brief, Civil Trials 89; 21 Standard Enc. Law 404). Being of the

opinion that a rehearing would not change the result it is denied.

*Rehearing denied.*

POTTER, J. and BLYDENBURGH, J. J., concur.