## PETERSON v. LE FAIVRE
(No. 1764; June 11, 1932; 12 Pac. (2d) 385)

For the appellant, the cause was submitted on the brief of *F. W. Layman*, of Casper, Wyoming.

379

The cause was submitted for respondent upon the brief of *C. W. Clark,* of Newcastle, Wyoming.

*F. W. Layman,* of Casper, Wyoming, in reply.

RINER, Justice.

The District Court of Weston County made an award in favor of E. W. Peterson, as an employe of Jerome LeFaivre as Trustee of LeFaivre Oil Syndicate, and under the Workmen's Compensation Law of this state. Dissatisfied with

that award, the trustee has brought the record here by direct appeal for review.

The record shows the following: On March 3, 1930, the employe aforesaid filed his "report of accident" as required by law, wherein he stated in substance that on February 28, 1930, while loading a truck with logs, he slipped, fell and a log striking him on the neck, his collar bone was thereby broken; that this accident occurring in the course of his employment caused temporary total disability; that his duties were those of field manager for the employer named above; and that he was married, his wife and four children being listed as the members of the family dependent upon him. He duly made claim for an award under the Workmen's Compensation Law.

March 8, 1930, the employer filed his report of the accident wherein its cause was described thus: "Employe slipped while carrying firewood for cookstove and fell to the ground, injuring his shoulder" which resulted in "fractured right collar bone and torn ligaments in right shoulder." Describing the nature of the employe's duties, this report stated: "Preparation work for erection of an rig consisting of building roads, hauling timber, machinery and other materials, building bunk houses, moving bunk houses, cooking and getting in wood and coal for heating and cooking, time keeper and hauled sand and gravel with automobile truck and team of horses." The report also stated that the accident grew out of claimant's employment, was not due to his culpable negligence, that the workman intended to claim compensation and that the employer did not dispute such claim, if made in accordance with the State Workmen's Compensation Act. This report was positively sworn to by the employer.

The attending physician, in his report in the case, confirmed the fact of injury as described above but in more technical language and stated also, that the employe had suffered a disability of 31 days.

An amended employer's report of accident also appears in the record but apparently dated in pencil September 18, 1930 and without file mark. This paper substantially reiterates the statements contained in the first report, asserting further that employer would not dispute employe's claim to compensation but that "employer reserves the right to dispute any claim of employe for permanent partial or total disability." While signed by the employer, this report does not seem to have been verified. Thereafter and on November 21, 1931, the employer filed still another report designated "second amended employer's report of accident" wherein the employer states his business to be that of "exploration and drilling of oil structure," that the extent of the employe's injury was a "sprained right shoulder" and that the employer disputed the employe's claim for compensation for the reason that "the employment of the employe herein at the time of the alleged injury does not come within the classification of the Workmen's Compensation Act of Wyoming as extra-hazardous." This final report was verified.

Nine days after the filing of the paper last mentioned, the matter was taken up before the court for disposition without a jury. The claimant testified, among other things, that he was hired by his employer to do everything necessary to keep the work of erecting an oil drilling rig going; that on the day of the accident, as it was his duty to keep the camp where the crew stayed who were engaged on the work properly supplied with fuel, he and other men were engaged in hauling wood to the camp; that it came on to snow, the wood was loaded at a place located on a hillside and it was slippery; that while he was carrying a log he slipped and fell down and broke his shoulder. On cross-examination, claimant stated that the oil rig was not up; that the cellar had been dug for it, some camp buildings had been erected, a reservoir constructed and part of a pipe line had been laid to the reservoir.

The employer, in response to his own counsel's direction that he explain to the court in regard to his filing the various reports, said: "I didn't think it come out of the compensation, I thought it cheaper to do that."

The District Court found that the injury was not caused by the employe's negligence and occurred while loading a truck with logs; that he slipped and fell, a log hitting him on the neck resulting in dislocation of "right acromi clavicular articulation"; that he was married and had dependent upon him his wife and three children under sixteen years of age; that he was disabled for a period of 24 days as a result of the accident and accordingly, he was awarded compensation therefor in the sum of sixty-six dollars. The employer took exception to this award and brought this proceeding.

The only specifications of error assigned in the record by appellant are:

"1. That the Court erred in making the final order of award herein found on page 10, of the record of appeal, which reads as follows, to-wit: 'It is therefore ordered that Edward Peterson be and he is hereby awarded compensation for said injuries, in the sum of $66.00, to be paid at this time; that said award of compensation be paid from the State Industrial Accident fund in the manner provided by law.''

"2. That the Court erred in signing and causing to be filed in the office of the Clerk of said Court, for journal entry, the said order, a certified copy of which journal entry is found on pages 10A of the record of appeal herein."

Under the prior decisions of this court, in Leach v. Frederick, 36 Wyo. 121, 253 Pac. 669; Posvar v. Pearce, 37 Wyo. 509, 263 Pac. 711, Stein v. Schuneman, 39 Wyo. 476, 273 Pac. 543, 544, such assignments are insufficient to present any question for consideration by this court inasmuch as they fail to state any "proposition or point to be considered in determining whether or not there was error in rendering and entering the judgment."

While the order of award must be affirmed upon the insufficiency of the assignments of error as indicated above, attention of counsel is directed to the case of Ideal Bakery v. Shryver, 43 Wyo. 108, 299 Pac. 284, and the authorities therein cited, which case in several particulars presents a striking similarity with the case at bar, and which appears to have been overlooked in bringing this appeal.

*Affirmed.*

KIMBALL, C. J., and BLUME, J., concur.