## BOWMAN v. BOWMAN

(No. 2072; September 6, 1938; 82 Pac. (2d) 357)

For the plaintiff and appellant, the cause was submitted on the brief of *G. A. Layman* and *R. G. Diefenderfer* of Sheridan.

For the defendant and respondent, the cause was submitted on the brief of *Maurice L. Cone* of Sheridan.

300

RINER, Justice.

The proceedings by direct appeal in this case undertake to bring here for review a judgment of the district court of Sheridan County denying the appellant as plaintiff in that court a divorce from the respondent, the defendant there, adjudging that the defendant "go hence without day," and for costs. The judgment in question found for the defendant against the plaintiff and also that on "October 23, 1935, in an action then pending in this Court in which the plaintiff herein was plaintiff and defendant herein was defendant, said cause being tried by the Honorable Harry P. Ilsley, District Judge, for the same cause of action set forth in plaintiff's petition in this action, the defendant herein, to wit: Elfie A. B. Bowman, recovered judgment on the merits thereof in her favor and against

the plaintiff herein, which said judgment constituted and now constitutes a bar to plaintiff's action for any cause accruing prior to said date, to wit: October 23, 1935.

"The Court further finds that the defendant has not been guilty of extreme cruelty toward the plaintiff in the manner alleged in plaintiff's petition or otherwise since October 23, 1935."

It does not seem to be contended by appellant that the trial court was mistaken in making the finding contained in the paragraph last above quoted from the judgment attacked. Indeed, our examination of the evidence in the case convinces us that there could have been no other finding properly made. It is argued, however, on behalf of appellant that the judgment rendered October 23, 1935, by the district court of Sheridan County was not received in evidence on the trial of the instant litigation, and that that judgment was one not on the merits and did not conclude the parties thereto as to matters litigable therein. We are inclined to think counsel are in error in both these contentions.

The record now before us establishes that during the course of the trial the parties aforesaid stipulated that, as Exhibit A, the files in the earlier case referred to in the court's finding quoted above "including specifically . * * * the judgment entered on October 28, 1935, * * * be, and the same are introduced in evidence in this case without objection." While the Exhibit aforesaid contains only the original form of judgment signed by Judge Ilsley, which constituted his official direction to the clerk to enter the official text thereof on the court's journal as its judgment disposing of the case, there appears on that form the usual clerical file mark, "Filed in the office of the Clerk of the District Court of Sheridan County, Wyoming," duly attested by the signature of the deputy clerk of that court, fol-

lowed by the notation "J 14-P. 565." We think that under the stipulation aforesaid, nothing to the contrary appearing, the district court had a right to conclude, as we do, that the form of judgment signed by Judge Ilsley and thus filed was a correct copy of the journal entry of the judgment actually made by the clerk.

As to the second contention above mentioned, it may be noted that plaintiff's reply admitted "that the allegations contained in plaintiff's present petition are substantially the same as contained in that filed by plaintiff in this Court on October 23, 1935."

A comparison of the two petitions—the one in this case and the one in the previous suit—further discloses that the second amended petition of the plaintiff on which the first case came to issue and was tried was, if anything, broader in its scope than the later pleading, the first being based upon the alleged ground that the defendant had offered the plaintiff such indignities as have rendered his condition intolerable and further living together impossible," while the one in the case at bar is based upon the charge that the defendant "has been guilty of extreme cruelty toward the plaintiff." See Hanks v. Hanks, 27 Wyo. 65, 191 Pac. 1077; Rose v. Rose, 9 Ark. 507; Ponthus v. Ponthus, 66 Pa. Sup. Ct. 257.

The judgment in the first action was rendered by the court after both the plaintiff and defendant had announced themselves ready for trial; plaintiff had introduced his evidence, and the defendant thereafter had moved for a dismissal of the suit on account of asserted insufficiency of proof to authorize a divorce. The question was argued by the parties and the court found for the defendant and against the plaintiff, adjudging and decreeing "that the plaintiff take nothing by his action and that this action be and the same is hereby dismissed at the cost of the plaintiff." This was a judgment on the merits and conclusive on the

parties as to matters litigable in that action. See 9 Ruling Case Law 464; Brown v. Brown, 37 N. H. 536; Section 89-2205, W. R. S. 1931; Sayles v. Wilson, 31 Wyo. 55, 222 Pac. 1024; Jones v. Wettlin, 39 Wyo. 331, at 344; 271 Pac. 217; Hennessy v. C. B. & Q. Ry. Co., et al., 24 Wyo. 305, 157 Pac. 698.

But if we should be mistaken in the disposition of any of the points as outlined above, there is another reason why the present appeal must fail. The specifications of error now presented are under repeated former decisions of this court quite insufficient to present any question requiring either the trial court for the purpose of granting a new trial or this court for the correction of errors to review the record submitted. See Leach v. Frederick, 36 Wyo. 121, 253 Pac. 669; Posvar v. Pearce, 37 Wyo. 509, 263 Pac. 711; Stein v. Schuneman, 39 Wyo. 476, 273 Pac. 543, 544; Peterson v. LeFaivre, 44 Wyo. 378, 12 Pac. (2d) 385. We have nevertheless devoted time to an examination of the record and an expression of our views briefly upon the points raised, as above set forth, largely for the reason that the record involved is quite short. It may, however, be expressly now stated that this action on our part should not be regarded as a binding precedent relative to future cases of insufficient specifications of error.

We must, therefore, affirm the judgment.

*Affirmed.*

KIMBALL, J., and THOMPSON, D. J., concur.