Meyer v. Meyer.

---

## MEYER ET AL. v. MEYER.

[No. 18,862.   Filed December 12, 1900.]

APPEAL AND ERROR.—*Joint Assignment of Error.*—A joint assignment of error based upon the action of the court in overruling a motion for a new trial cannot be considered on appeal, where the only motion for a new trial appearing in the record was the sole and separate motion of one of the appellants.

From the Porter Circuit Court.   *Affirmed.*

*A. D. Bartholomew,* for appellants.

*Grant Crumpacker, E. D. Crumpacker, N. L. Agnew* and *D. E. Kelly,* for appellee.

HADLEY, J.—Appellee, as plaintiff, in his suit to contest the will of Heinrich W. Meyer, made appellant, Margaretha Meyer, and ten others, defendants, alleging that said defendants were all beneficiaries under said will. Verdict and judgment that the will was void and that the probate thereof be annulled. Margaretha Meyer filed her separate motion for a new trial, which was overruled, to which ruling she excepted. In this court the only error assigned is in the following words: "Margaretha Meyer, Harry Robert Meyer [Nine other names follow.], appellants, v. Christian Meyer, appellee. The appellants say that there is manifest error in the proceedings and judgment in said

cause, and they specially assign the following: The court erred in overruling appellants' motion for a new trial."

The only motion for a new trial that appears in the record is the sole and separate motion of Margaretha Meyer. Her codefendants not having participated in the request for a new trial cannot be heard to complain that the motion was not granted. The error assigned is joint and not the separate assignment of Margaretha Meyer.

It is a well settled rule of appellate procedure that a joint assignment of error must be good as to all who unite in it, or it will be good as to none. Ewbank's Manual, §138; Elliott's App. Proc., §318; *Earhart* v. *Farmers, etc., Co.,* 148 Ind. 79.

Judgment affirmed.