(APRIL TERM, 1910.)

## SHEDD DITCH COMPANY ET AL. v. PETERSON.
### (No. 600.)

MOTION FOR NEW TRIAL—APPEAL AND ERROR.

1. A motion for new trial is joint, not joint and several, which states: "Come now the above named defendants (naming them) and move the court to set aside the judgment, decree, findings, and orders of the court herein, and grant a new trial in said cause upon the following grounds affecting substantially the rights of said parties," and is signed by all of said parties by their attorneys, and the rulings and decisions complained of as grounds for new trial are stated by the parties jointly, and not severally; and clearly appearing on its face to be joint it must be so considered.

2. The motion for new trial, being a joint one of all the plaintiffs in error and being properly denied as to one, must be held on error to have been properly denied as to all.

3. The questions presented by the record being only such as by the statutes and rules of court must have been presented to the trial court by a motion for new trial in order to have them reviewed on error, they cannot be considered where the only motion for new trial was a joint motion of all the plaintiffs in error, and must therefore be held to have been properly refused as to all

of the plaintiffs in error because properly overruled as to one of them.

[Decided April 12, 1910.]                    (108 Pac. 72.)

ERROR to the District Court, Fremont County; HON. CHARLES E. CARPENTER, Judge.

*W. E. Hardin, P. B. Coolidge,* and *Clark, Riner & Clark,* for plaintiffs in error.

Whenever ditches or other structures for diverting water belong to two or more proprietors, such owners are, in the absence of special agreement to the contrary, tenants in common of the ditch and their proprietary rights are governed by the rules of law governing tenancies in common. (Kinney on Irr., Sec. 301; Long on Irr., Sec. 775; Black's Pomeroy, Sec. 107; Bradley v. Harkness, 26 Cal. 69; Moss v. Rose, 41 Pac. 667; Beers v. Sharpe, 75 Pac. 717; Cache La Poudre Co. v. Irr. Co., 53 Pac. 318; Hall v. Blackman, 68 Pac. 19.) Courts of equity adapt their special remedies to special and new conditions of facts. (Black's Pomeroy, 333.) Abandonment is not complete until another relocation, so that a resumption of use may be made at any time before others intervene, though not afterwards. (Beaver &c Co. v. St. Vrain &c Co., (Colo.) 40 Pac. 1066; Tucker v. Jones, 19 Pac. 571; Rutherford v. Lucerne &c Co., 12 Wyo. 229.) When, for the purpose of using another's ditch, it becomes necessary to enlarge or improve the ditch, and it is done with the consent or permission of the owner, the person so enlarging or improving the ditch acquires thereby a vested right to its use, which cannot be revoked or denied by the owner. (Long on Irr., Sec. 44; Chicosa Irr. Co. v. Ditch Co., (Colo.) 50 Pac. 731; Lehi Irr. Co. v. Moyle, 4 Utah 427, 9 Pac. 867.) Where a person knowingly claims and receives the additional amount of water which an enlarged ditch carries to his land, he thereby assents to and ratifies the improvement of the ditch. (Arroyo D. & W. Co. v. Bequette, 87 Pac. 12.)

Instead of fixing and defining the rights and interests of the parties in the enlarged ditch in this case, and determining the proportion of the expense which defendant in error should bear in maintaining the same (which was the only real point of contention between the parties), and thereby protecting and preserving the rights of all the parties and injuring no one, a decree was rendered which, in law and in fact, wipes out the valuable ditch and water rights of all the plaintiffs in error, renders their ranches valueless and useless, and, instead of benefiting the defendant in error, throws the entire burden of maintaining the ditch upon him. The decree is contrary to the evidence and the law and contrary to equity and good conscience. The court was evidently confused by the great amount of irrelevant and unimportant testimony concerning the alleged abandonment of the original ditch by the plaintiffs in error, and disregarded the real issues, viz: the legal rights and obligations of the parties under the enlargement, as defined and determined by statute, judicial decisions, the terms of the permit and the decrees of the Board of Control. The prayer for the enlargement was granted in 1901. It has never been altered or modified. It stands as a joint permit to defendant in error and plaintiffs in error to enlarge the ditch. The defendant in error has accepted the benefits thereof, and cannot now be heard to say that the enlargement is good as to himself but illegal and void as to plaintiffs in error.

*Stone, Winslow & Gudmundsen,* and *Kinkead & Mentzer,* for defendant in error.

A joint assignment of error not good as to all will be held not good as to any who join in it. (Greenawalt v. Impr. Co., 16 Wyo. 226.) The motion for a new trial was a joint motion of all the plaintiffs in error, and their petition in error in this court is a joint petition or assignment of error. The various interests of the plaintiffs in error are several and not joint; they own their lands in severalty, and claim their ditch rights from various sources. As to

certain of the plaintiffs in error there is no showing of any interest, and as to them there is clearly no error in the judgment or record. The plaintiff in error, Gillis, was not a party to the enlargement of the Shedd ditch, and any right he might have would depend entirely upon the original construction of the ditch. The evidence clearly shows a non-user of the ditch and water for a period beyond the statutory period for forfeiture, and as to Gillis, therefore, there is no error in the judgment. The same applies to other plaintiffs in error. As to the remaining plaintiffs in error there is involved but one disputed fact, and that is, as to whether or not they had the consent of the defendant in error, Peterson, to make the enlargement of the ditch. But we submit that as to the parties named there is no error in the record, and the joint assignment of error must be overruled, resulting in an affirmance of the judgment.

At the time of the original construction of the ditch an absolute ownership of the right of way was obtained superior to the right and title of those who later filed upon and obtained the government title to the land. (U. S. Rev. Stat., Secs. 2339 and 2340.) It is clear upon the record that the ditch has been continuously used by the defendant in error and his grantor from the time of its construction down to the point marked "A" on Exhibit B. By non-usage of the water and ditch beyond the point marked "A" the original interests of the other parties has been abandoned under the terms of the statute, so that the defendant in error has become the absolute owner of the entire ditch. An appropriation of water consists in a diversion thereof and its application to some beneficial use. (Moyer v. Preston, 6 Wyo. 308; Farm Inv. Co. v. Carpenter, 9 Wyo. 110.) Whatever the intention of the parties in 1886, they failed to apply the water to beneficial use and so failed to perfect their right, if any, then initiated. (Rev. Stat. 1899, Sec. 895; Smith v. Hawkins, 110 Cal. 122; Weil on Water Rights, (2nd Ed) 369; Burnham v.

Freeman, (Colo.) 19 Pac. 761; McPhail v. Forney, 4 Wyo. 556.) The mere issuance of a permit by the State Engineer to divert an additional amount of water through an established ditch conveys no right of ownership or interest in the ditch. The office of the Engineer is to supervise and control the appropriation and use of the public waters, and he has nothing whatever to do with the ownership of ditches, or rights of way therefor, or the enlargement of such as have been constructed. It is the present rule, however, of that office that an applicant for a permit to enlarge an existing ditch must show the written consent of the owner of the ditch before a water permit for the enlargement will be granted. When the alleged permit in this case was granted no such consent was required, and none was given; and there has been no effort in this case to show a written consent. Testimony was introduced to show a verbal consent, but nothing was shown beyond mere conclusions, and "general understandings." The parties knew that they did not have Peterson's consent before they went to work. There was no joint agreement and no joint action. Peterson acted independently in the work he did. The situation is this: Peterson owns the ditch and has a means and method for diverting and carrying the water through the same. The other applicants are without a ditch or means of conveyance, and they have been unable to establish any right or interest in the Shedd ditch. And the mere fact that they have entered upon that ditch and expended money thereon does not operate to convey any interest in it to the plaintiffs in error, or any of them. (Burnham v. Freeman, *supra*.) The plaintiffs in error have further failed to establish any right of way for the extension of the ditch. The right of way for the ditch as originally constructed would not inure to the benefit of any enlargement, and would not give a right to the enlarged ditch to the damage of the defendant in error, even had the plaintiffs in error had the necessary ownership in the original ditch. (Clear Creek L. & D. Co. v. Kil-

kenny, 5 Wyo. 38.)   The loss, forfeiture or abandonment
of the water right works an abandonment of any right
of way for the conveyance of such water.   (Rutherford
v. Lucerne Canal Co., 12 Wyo. 299; McPhail v. Forney,
2 Wyo. 556.)

BEARD, JUSTICE.

This action was brought by the defendant in error, Joseph
Peterson, as plaintiff, against the Shedd Ditch Company,
a corporation, Elijah H. Pitts, Lincoln Young, Edson A.
Earle, Myra Earle, Robert H. Hall, Amelia S. Hall, Nellie
R. Hall, F. J. Forbes and James Gillis, as defendants, to
quiet the title in said plaintiff to a certain irrigation ditch
known as the Shedd ditch.   The defendants Lincoln Young
and Elijah H. Pitts defaulted, and the other defendants
filed a joint answer denying that plaintiff was the sole
owner of said ditch and alleging that each of said answering
defendants owned an interest therein.   To which answer
plaintiff filed a reply denying that either of said defendants
had any interest in or title to said ditch.   The cause was
tried to the court, without a jury, resulting in a judgment
in favor of plaintiff and against each and all of the de-
fendants.   A joint motion for a new trial was made by
said answering defendants, which motion was denied, and
they bring the case here on error.

It is contended by counsel for defendant in error, that
as the motion for a new trial is a joint motion by all of
said answering defendants, plaintiffs in error, and as the
petition in error is also joint, and it clearly appearing that
the motion for a new trial was properly denied as to some
of said defendants, and as to them the judgment was right,
the judgment must be affirmed.   The motion for a new
trial is clearly joint, not joint and several.   The statement
is, "Come now Shedd Ditch Company, Edson A. Earle,
Myra Earle, Robert H. Hall, Amelia S. Hall, Allie R. Hall,
F. J. Forbes and James Gillis, the above named defendants,
and move the court to set aside the judgment, decree,
findings and orders of the court herein and grant a new trial

in said cause upon the following grounds affecting sub-
stantially the rights of said parties." The motion is signed
by all of said parties by their attorneys, and the rulings
and decisions complained of as grounds for a new trial are
stated by the parties jointly and not severally. The trial
court evidently regarded the motion as a joint one, there
being nothing in the record to indicate the contrary, and is
referred to in the order denying it as "the motion of de-
fendants," and the exception to the ruling is by "the defend-
ants." It clearly appearing on its face to be joint must be
so considered here. It is clear upon the evidence and was
practically conceded upon the trial that the Shedd Ditch
Co. had no title to or interest in the ditch in controversy.
As to it the motion for a new trial was, therefore, properly
denied. It is also doubtful whether two other of the de-
fendants were shown to have any right in the ditch, even
if the correctness of the theory upon which the case was
defended should be conceded. Under the settled rule in
this state, the motion for a new trial being a joint one of
all the plaintiffs in error, and being properly denied as to
one, must be held to have been properly denied as to all.
It was said by this court in North Platte Milling and Ele-
vator Co. et al. v. Price et al., 4 Wyo. 293-306, "The motion
for a new trial is a joint motion of both plaintiffs in error.
It is clear that the overruling of the motion was right as to
the North Platte Milling and Elevator Company. * * *
Whatever the law might be as to the Wyoming National
Bank on a separate motion for a new trial, the joint motion
was properly overruled." And for that reason the judgment
was affirmed. And in Hogan et al. v. Peterson, 8 Wyo.
549-564, the court said: "It is difficult, however, to com-
prehend upon what theory any verdict was rendered against
Hogan and Chandler. * * * Had they presented a
separate motion for a new trial, they would have been
entitled to the vacation of the judgment against them. * * *
For the reasons above set forth, Mr. Fourt was not entitled
to a new trial. The motion for a new trial being properly

overruled as to him, and the motion being a joint one of all the plaintiffs in error, it must be held to have been properly overruled as to the others also.   (North Platte Milling Co. v. Price, 4 Wyo. 293.)   The judgment will be affirmed."

The questions presented by the record in the case at bar being only such as, by the statutes of the state and the rules of this court, must have been presented to the trial court by a motion for a new trial in order to have them reviewed here, the case comes clearly within the rule announced in the above cited cases.   The rule is especially applicable to the case at bar for the reason that the defendants claim separate rights in the ditch in controversy.   Following the rule established by those decisions the judgment of the District Court is affirmed.

*Affirmed.*

Potter, C. J., and Scott, J., concur.