## McMANUS ET AL. v. McGRATH ET AL.
### (No. 686.)

NEW TTIAL—MOTION JOINTLY MADE.

1. In an action to quiet title a third party was permitted to file an intervening petition, and the order permitting it to be filed was vacated on motion during the trial, and the intervening petition stricken from the files. Judgment was rendered for defendants, and a motion for new trial was filed and overruled, in which motion the intervening petitioner joined, one of the grounds of the motion being that the court erred in vacating the order allowing the intervening petition to be filed. *Held,* that the motion for new trial was a joint motion, and if properly overruled as to the intervening petitioner the joint exception thereto would not avail the other parties.

2. The intervening petitioner having showed and claimed no interest in the land, which was the subject of the controversy, the motion for new trial was properly denied as to such petitioner, and hence must be deemed to have been properly overruled as to all the parties jointly filing the motion.

[Decided August 10, 1912.]                    (126 Pac. 44.)

ERROR to the District Court, Big Horn County; HON. CHARLES E. CARPENTER, Judge.

The action was brought by Asa McManus and wife, and Ora L. Allen to quiet title to a certain tract of land in Big Horn County. The defendants named in the petition were Martin McGrath and the three minor children of Robert A. McCoy, deceased, and John L. Davison, their guardian. Subsequently James F. Kinney was made a party defendant, and also John L. Davison in his capacity as administrator of the estate of Robert A. McCoy, deceased. Kinney died before the trial of the cause, and Pete Kinney was substituted as the administrator with the will annexed of the estate of James F. Kinney. A cross-petition was filed by Martin McGrath and the First National Bank of Lander filed an intervening petition by permission of court, but during the trial the order permitting the filing of the inter-

vening petition was, on motion, vacated. Judgment was rendered for defendants and the plaintiffs brought error.

*W. S. Collins* and *William C. Snow,* for plaintiffs in error.

The sustaining of the motion of the defendants Davison and Kinney for judgment at the close of the evidence presented by the plaintiffs was error. Where parties go to trial without an issue formed upon an affirmative pleading, it will be assumed that an answer or reply was waived, and the burden of proof will be upon the party pleading affirmatively. (Brower v. Nellis, 40 N. E. 707; Purple v. Farrington, 119 Ind. 164.) The evidence of plaintiffs was sufficient to make a prima facie case. They presented the case on the theory that their showing of ten years' adverse possession and a patent from the United States was sufficient, there being no admission of the execution of the warranty deed under which the opposing parties claimed the title. Such showing was sufficient because the burden of proof then rested upon the defendants to show that at the time of the execution of the warranty deed the equitable title was in McManus. If it be conceded that the giving of a deed by McManus to McCoy was admitted by the pleadings, then we contend that the judgment was erroneous for the reason that such a deed was illegal and void, as contrary to public policy and the land laws of the United States, being executed prior to the acquisition of legal title. McCoy could not have secured a patent upon the deed of McManus without a showing as required by the public land laws. (King v. McAndrews, 11 Fed. 860; In re Oakley, 34 Land Dec. 383.) The case at bar would be an exception to the general rule that under a warranty deed after acquired title will inure to the benefit of the grantee. An illegal contract does not destroy the right of an entryman on public lands. (Heinzman v. Heirs, &c., 28 Land Dec. 497; Vradenbergs' Heirs, 25 L. Dec. 323; In re Hobson, 29 L. Dec. 453.) The deed from McManus was not introduced in evidence, and hence there was no ground for holding that he was estopped by the covenants of the deed. But assuming that he had admitted

in the pleadings the execution of the deed, he was not precluded from claiming it to be void. A void deed works no estoppel. (11 Ency. L. (2nd Ed.) 393, 413; Devlin on Deeds, Secs. 121, 1275.; Den v. Shotwell, 23 N. J. L. 465; Stark v. Morgan, (Kan.) 85 Pac. 567; Anderson v. Carkins, 135 U. S. 483; Jackson v. Baker, 85 Pac. 512; Starr v. Long, 100 Pac. 194; Atkinson v. Bell, 18 Tex. 474; Lavagnino v. Uhlig, 99 Am. St. 809; Reinhart v. Min. Co., 28 Am. St. 441; Carroll v. St. Louis, 67 Ill. 568, 16 Am. Rep. 632; Starkweather v. Bible Soc., 72 Ill. 50; Trust Co. v. Lee, 73 Ill. 50; Fowler v. Scully, 72 Pa. St. 456.)

A party to the suit may testify where the validity of a deed is involved, although the adverse party sues or defends as the representative of the deceased person. (Comp. Stat. 1910, Sec. 4538; Doney v. Clark, 55 O. St. 294, 45 N. E. 316; Paddock v. Adams, 56 O. St. 242, 46 N. E. 1068.) When the transaction resulting in the giving of a deed opens with a loan, the courts are inclined to treat the deed as a mortgage. (3 Devlin on Deeds, 1117, 1118, 1133; Crews v. Treadwell, 35 Ala. 334.)

*Stone, Winslow & Maxwell,* for defendants in error, Davison as administrator, and the minor children of Robert A. McCoy, deceased.

The sole error assigned is the overruling of the joint motion for new trial of the plaintiffs in error and the First National Bank of Lander. The First National Bank was not a party to the cause, and had no interest in the land, which was the subject of the suit. The motion for new trial was certainly properly overruled as to the bank, and therefore it must be deemed to have been properly overruled as to the plaintiffs in error. (Shedd Ditch Co. v. Peterson, 18 Wyo. 402; Milling Co. v. Price, 4 Wyo. 293; Hogan v. Peterson, 8 Wyo. 549.) When the intervening petition of the bank was stricken from the files its appearance in the case was terminated. It could have no standing in this court on error from the judgment rendered in the cause. Had the bank filed a separate motion for new trial,

and a separate petition in error, it could not have been heard here to assail the judgment. (Menardi v. O'Malley, 3 Wyo. 327; Turner v. Hamilton, 10 Wyo. 177; Greenawalt v. Imp. Co., 16 Wyo. 226.) The ruling of the court complained of as to the bank was not error, for the District Court was without jurisdiction of the parties and the subject matter set out in the intervening petition.

*R. B. West* and *H. S. Ridgely,* for defendant in error, Pete Kinney.

The case of plaintiffs upon the petition is not one for quieting title. (3 Bates Pr., Pl. &c., 2459.) The gravamen of the action is to set aside a deed executed by McManus, and for that purpose the petition does not contain a sufficient statement of facts. In this action upon the petition all that can be adjudicated would be the right of possession. (Bank v. Steinhoff, 11 Wyo. 305.) The amended answer of Kinney took the place of the original answer. (Turner v. Hamilton, 13 Wyo. 408.) The amended answer was not replied to, and it therefore stood as admitted. The plaintiffs did not show such possession as is necessary to give title by adverse possession. When a United States patent is issued it relates back to the original entry and inception of the title, so far as necessary to protect the title of the purchaser. (Gibson v. Chauteau, 13 Wall. 92; Phillips v. Carter, 67 Pac. 1031.) The plaintiff, Asa McManus, was incompetent to testify to the facts and circumstances surrounding the giving of the deed to McCoy. (Comp. Stat. 1910, Sec. 4538; Ulman v. Abbott, 10 Wyo. 110; Weidenhoft v. Primm, 16 Wyo. 359; Hecht v. Shaffer, 15 Wyo. 39; Hubbell v. Hubbell, 22 O. St. 208.) That a deed was intended as a mortgage must be established, if at all, by clear and convincing evidence. (27 Cyc. 1017.) There must be a debt to be secured, or a deed cannot be construed as a mortgage. (Weltner v. Thurmond, 17 Wyo. 268; 27 Cyc. 1008; Morrison v. Jones, (Mont.) 77 Pac. 507.) Parol evidence may be admissible to show that a deed was

intended as a mortgage, but where a third party is concerned it must appear that he has not been misled by the transaction or has not reposed trust or confidence on the strength of the deed, and such proof is not admissible against a subsequent purchaser for value without notice. (27 Cyc. 1024, 1072.) The desert land laws do not contain any expression prohibiting the sale of the land by the entryman. On the contrary, the laws provide that such a sale can be made. (Phillips v. Carter, (Cal.) 69 Pac. 1031.) A sale by the entryman can only be questioned by the United States, and cannot be collaterally attacked. (32 Cyc. 1072; Tidwell v. Cattle Co., (Ariz.) 53 Pac. 192; Hardware Co. v. Cobban, (Mont.) 34 Pac. 24.)

*W. S. Collins* and *William C. Snow,* for plaintiffs in error, in reply to the brief of the defendants in error represented by Stone, Winslow & Maxwell.

If, as contended by opposing counsel, the First National Bank of Lander was entirely out of the case when the motion for new trial was filed, then its joinder with the plaintiffs in the motion for new trial was a nullity, and the court ought not to regard such joinder as affecting the rights of the parties to the cause in whose behalf the motion was filed. (Ex parte Printing Co., 2 Wash. 427, 27 Pac. 232.) The rule adopted to the effect that the motion for new trial being joined in by all the plaintiffs, it must be sustained as to all is harsh, and liable to deprive parties of their legal rights by a mere legal technicality. The more reasonable rule is that a joint motion will be sustained if the grounds are sufficient as to any of the parties, treating the mere joinder of parties in one motion as a harmless error, not affecting the substantial rights of the parties. (14 Ency. Pl. & Pr., 872; Boehmer v. Irr. Dist., 117 Cal. 19; Ex parte Printing Co., supra.) The provisions of the code and all proceedings thereunder are required to be liberally construed in order to promote its objects and assist the parties in obtaining justice. (Comp. Stat. 1910, Sec. 4263.)

SCOTT, JUSTICE.

This action was commenced in the court below by the plaintiffs against the defendants in error as defendants, to quiet title to a certain tract of land. Upon application the First National Bank of Lander was permitted to file its petition in intervention, which order during the trial was upon motion vacated and the petition in intervention was stricken from the files. The court found and rendered judgment in favor of the defendants. A motion for a new trial was filed and overruled and plaintiffs bring the case here on error.

1. No assignment of error is here made other than as follows, viz: "That the court erred in overruling the motion of these plaintiffs in error joined with the First National Bank of Lander for a new trial." From the record it appears that the bank had no interest in the real estate involved. It held a cashier's check for $280, drawn in favor of Robert A. McCoy, since the making of which said McCoy died, and the administrator of his estate, John L. Davison, who appeared by intervention in this action, and Martin McGrath, one of the defendants, each claimed title to the check. Davison was also the guardian of the minor heirs of Robert A. McCoy and as such, during the trial and subsequent to the permission granted the bank to file its petition of intervention, moved that such petition be stricken from the files. This motion was sustained, to which ruling the bank reserved an exception. The motion for a new trial is entitled as follows: "Asa McManus, Minea McManus, his wife, and Ora L. Allen, plaintiffs, vs. Martin McGrath et al., defendants." The following recital appears in the motion, to-wit: "Come now the plaintiffs, Asa McManus, Minea McManus, his wife, and Ora L. Allen, plaintiffs, and the First National Bank of Lander, petitioner by bill of interpleader, and move the court for a new trial of the above entitled cause for the following reasons, to-wit: 1. The court erred in vacating the order allowing the bill of interpleader of the First National Bank of Lander to be

filed." This motion was a joint and not a several motion. It is so regarded and treated by the plaintiffs in error in their petition in error. The striking of the bank's petition of intervention affected the right of the bank and not the plaintiffs in error. The exception to overruling the motion for a new trial was jointly taken. If, therefore, the motion was properly overruled as to the bank, the plaintiffs in error are bound by the ruling under the established rule of this court. The bank showed and claimed no interest in the land title to which was being litigated by the other parties to the suit. In Ditch Co. v. Peterson, 18 Wyo. 402, 108 Pac. 72, there was a joint motion of all the plaintiffs in error for a new trial, which was properly denied as to one, and it was held that because the motion was jointly made it was properly denied as to all. In that case the title to a water right was involved, and one of the parties defendant joined in a motion for a new trial and which party was shown to have no interest or title to the ditch in controversy. It was held that as the motion was properly overruled as to that party it was properly overruled as to all. (North Platte Milling Co. v. Price, 4 Wyo. 293, 306, 33 Pac. 664; Hogan v. Peterson, 8 Wyo. 549, 564, 59 Pac. 162.) In principle, Greenawalt v. Imp. Co., 16 Wyo. 226, 92 Pac. 1008, follows the same rule. It is apparent that the bank having no interest in the land which was the subject matter of the suit, the motion for a new trial was properly overruled as to it (Ditch Co. v. Peterson, supra), and that being so, and the motion being jointly made, under the established rule of this court it will be deemed to have been properly overruled as to all. As there is no other assignment of error here made than overruling this motion, it follows from the foregoing that the judgment must be affirmed. *Affirmed.*

BEARD, C. J., and POTTER, J., concur.