## MEADOR v. BLONDE*
(No. 1217; March 23, 1926; 244 Pac. 222.)

LANDLORD AND TENANT—PLEADING—LIABILITY FOR REPAIRS AND FIXTURES—APPEAL AND ERROR.

1. Allegations in petition by assignee of lease that plaintiff had become owner of leased premises and was real party in interest *held* sufficient allegation to show such ownership, entitling plaintiff to sue for damages to the fixtures therein, though leased property was building, since "premises" may refer to building or buildings on land.

2. Lessee, who held under lease by which he occupied second floor of building but agreed to run heating plant for entire building at his expense pay for incidental expenses of leased premises, and keep roof and exterior of building in repair *held* liable for expense of repairing heating plant.

3. Assignments of error must be several and not joint if they do not affect all of the parties.

*NOTE—See Headnotes (1) CJ p. 163 n. 44; 31 Cyc p. 1163 n. 26, 29; ((2) 36 CJ p. 168 n. 24; (3) 3 CJ p. 1352 n. 95.

ERROR to District Court, Hot Springs County; PERCY W. METZ, Judge.

Action by Ada F. Blonde against Orva Meador, and another, to recover sums paid out for repairs and fixtures on leased premises. There was judgment for plaintiffs and defendants bring error.

*M. C. Burk,* for plaintiffs in error.

The petition is insufficient to support the judgment; it is not alleged that plaintiff is the owner; the petition shows that the claim for damages relates to property not included in the lease; allegations of assignment are indefinite; 16 R. C. L. 638; Bordeaux v. Walker, 85 Ill. App. 86; covenants as to repairs and delivering the premises in good condition, applied only to the premises leased; the lease is annexed as an exhibit, a part of the pleading and the rights of plaintiff must be determined by the terms of that instrument; 21 R. C. L. 476-77; Green v. Assurance So., 54 N. E. 712; the action as against defendant, Morrow, is on his contract of surety and he has a right to stand upon the terms of his obligation, strictly construed; 21 R. C. L. 975; Tutty v. Ryan, 13 Wyo. 134; the heating plant was not a part of the leased premises nor within the provisions of the lease, and the bond to keep the covenants of the lease could not in any manner be held as the basis of an action for damages to the heating plant; the petition fails to state facts sufficient to constitute a cause of action.

*Albert D. Walton* and *P. C. Spencer,* for defendant in error.

The action is by the assignee of a lessor against the assignee of a lessee and the surety of said assignee to recover damages for breach of covenant of a certain lease; of the five alleged errors assigned, but three are reviewable in the absence of a bill of exceptions; the petition clearly alleges ownership of the premises in the plaintiff

at the time the interests of the original lessor were assigned to her; plaintiff was not required to plead her source of title; it is alleged that the lessee was obligated to operate the heating plant in said building and thus supply heat to each and every part of the building and keep the premises in repair at the expense of said lessee; the heating plant was a part of the premises leased; it is alleged that lessee failed to perform the terms of the lease; the trial court gave plaintiff a judgment for $700.00 and allowed defendants $100.00 on the cross petition, leaving a net judgment in favor of the plaintiff in the sum of $600.00; the findings and judgment cannot be disturbed for the reason that the evidence is not before the court.

*M. C. Burk,* in reply.

The word "appurtenances" never includes other property; it means something connected with leased premises; 16 R. C. L. 712; 36 CJ 32; the relation of landlord and tenant did not exist with respect to the heating plant; plaintiff in error was simply performing the duties of an employee in operating the furnace and is not liable for the loss sued upon.

BLUME, Justice.

This is an action brought by Ada F. Blonde, assignee of Charles E. Blonde, against Orva Meador and James A. Morrow, to recover the sum of $1959.58 for repairs on a building, paid out by plaintiff and which she claims should have been paid by the defendants. Judgment was rendered for plaintiff in the sum of $600, from which said defendants have brought proceedings in error. The parties will be referred to herein as in the court below.

On September 16, 1919, Charles E. Blonde, assignor of the plaintiff, entered into a written lease with one Edmon Meador, leasing to said Edmon Meador the second floor of the building known as the Richards Block, a store building two stories high, in the town of Thermopolis,

Wyoming, from the 1st day of October, 1919, to September 30, 1922, at a rental of $200 per month. The lessee aforesaid agreed in the lease, among other things, "to run the heating plant for the entire building and to furnish satisfactory heat for each and every apartment in the entire building now arranged to be heated by said plant, all of said expenses incurred therefor to be paid by "said lessee;" to pay each and every obligation of debt incurred or contracted for the heating of the entire building, both first and second floors, for the term of this lease;  *  *  * to care for and pay all incidental expenses or repairs on said leased premises;  *  *  * and to pay all repairs necessary for plumbing and lighting systems for these premises;  *  *  * to keep the roof and exterior of the building in good repair and in condition at all times."

The lessee further stipulated that he received the building in good order and repair and that at the termination of the lease he would yield up the premises in as good condition and repair as when the same was entered upon by him, loss by fire or inevitable accident excepted. Edmon Meador, the lessee aforesaid, assigned the lease, with the consent of the lessor, on October 6, 1920, to the defendant, Orva Meador, and the latter agreed to furnish a good and sufficient bond for performance on his part of the covenants undertaken by the lessee in said lease. This bond was furnished and was executed by Orva Meador, as principal, and James A. Morrow, defendant herein, as surety, whereby they agreed, in substance, to fulfill and carry out the covenants undertaken by the lessee in the lease hereinbefore mentioned.

The petition sets out the general terms of the lease and further states, among other things, that Orva Meador, defendant herein, negligently permitted the heating system in said building to become out of repair, the plaintiff alleging the following:

"That on or about the 31st day of January, 1922, and at divers times previous thereto, during cold winter weather, the exact dates being unknown to plaintiff, the said defendant Orva Meador, negligently allowed the water to escape from the pipes, radiators, coils and boilers and receptacles containing and conveying water in connection with and leading from and to said furnace and heating plant, and allowed the same to become empty, and while in such empty condition the said defendant did wilfully, knowingly and negligently, build fires in said furnace and apply great quantities of fuel to such fires and cause great and intense heat in said furnace, and that as a result of such intense heat, under and about the empty coils and boiler, immediately over and about and in contact with such fires and heat said boiler and coils, with their fittings and accessories, were burned and cracked and bursted and ruined and rendered worthless and said heating plant and system were rendered useless and of no value and said building and the store rooms and apartments therein were left cold and in such condition that they could not be occupied."

1.  The evidence taken in the trial below is not before us, and the only question argued in the brief of counsel for defendants, and properly before this court, is that the petition in the case is insufficient to constitute a cause of action against the defendants for two reasons hereinafter mentioned.  It is claimed in the first place that, while the petition shows that the lease hereinbefore mentioned was properly assigned by Charles E. Blonde, the original lessor, to the plaintiff herein, it is not shown that plaintiff is the owner of the premises, and that, accordingly, she has no right of action to sue for damages to the property itself; that is to say, to the fixtures therein.  We are unable to see upon what theory this claim is made.  The petition alleges on that subject as follows:

"That on the 20th day of November, 1920, (this plaintiff having in the meantime become the owner of said premises) said Charles E. Blonde sold, assigned and transferred said lease and all his interest therein to plaintiff, by a written assignment appended to said lease, as shown by exhibit A hereof, and that plaintiff is now, and at all times since the date of said assignment has been, the owner of said lease and *premises,* and that plaintiff is now the real party in interest."

Webster's New International Dictionary defines the term "premises," as mentioned above, as follows:

"The property conveyed in a deed; hence, in general, a piece of land or real estate; sometimes, esp. in fire insurance papers, a building or buildings on land; as, to lease premises; the premises insured."

It is clear, therefore, that the petition shows that plaintiff is the owner of the building on which the lease was given, and, of course, of the reversionary interest therein. That fact is emphasized also by the clause in parenthesis, as above shown, and by the further allegation "that plaintiff is now the real party in interest."

2.   The other claim made by counsel for the defendant is that it appears from the lease that the heating plant in the building was not leased to him or to his assignor; that in so far as that plant is concerned, there was created in the lease merely the relation of master and servant; that the only property actually leased to him or to his assignor is the second floor of the building.  However, it appears from the lease that the lessee agreed that he received in good order and repair, not the second floor of the building, but the whole thereof, and that he would yield up these premises in as good condition as he received it.   This would seem to indicate that the lease was not

confined to the second floor of the building. This is emphasized by at least the further provision in the lease that the lessee should keep the roof and exterior of the whole building in good repair and condition. In any event, the lessee agreed to run the heating plant for the entire building and to furnish satisfactory heat for each and every apartment therein, and that he would pay all expenses in connection therewith. This agreement is absolute, without any conditions, and makes no exception in case that the heating plant should become out of repair. The covenant could not be carried out, and was impossible of fulfillment, if defendant permitted the plant to become out of repair. It was to be reasonably expected at the time of the execution of the lease that repairs might become necessary from time to time in that connection, and the expense thereof would seem to be on the same footing as the expense of purchasing coal. If it was contemplated that the duty aforesaid was not as unconditional as the lease states it to be, but was dependant on the condition of the plant and that repairs were to be furnished, not by the lessee, but by the owner of the building, that exception should have been specified in the lease, in order to relieve the lessee from the burden thereof. There is nothing in that instrument which in any way indicates that the lessee was to be relieved from the duty aforesaid under certain circumstances, and a fair construction of the lease, as now before us, would seem to bind the lessee in all events. A showing of the practical construction of the lease by the parties and of all the surrounding circumstances might possibly compel a different conclusion, but no such showing is before us, and we must construe the lease without that aid; and so construed, we think the petition in this case discloses a breach on the part of the defendant of the terms of the lease, in not keeping the heating plant in proper condition and in not paying for the necessary repairs to be made in that connection, and de-

fendants must, accordingly, be held responsible therefor in accordance with the terms of the bond which they executed.

We might, in this connection, mention the fact that without reference to the agreement so far discussed, the petition in this case pleads quite in detail that the repairs hereinbefore mentioned became necessary by reason of the negligence of the defendant Meador. In other words, the petition might, we think, be considered sufficient as an action for negligence against the defendant Meador. Now the assignment of error in the petition in error herein are joint and on behalf of both defendants herein, and it is a general rule that assignments of error must be several and not joint, if they do not affect all of the parties. 3 C. J. 1352. It may, therefore, be seriously questioned whether we would be authorized to reverse this case as to either defendant, even if our conclusions as to the duty of defendant Meador to repair the heating plant were wrong.

It follows from what we have said that the judgment of the trial court herein must be affirmed, and it is so ordered.

*Affirmed.*

Potter, C. J., and Kimball, J., concur.