## IN RE AUSTIN'S ESTATE
## LOUCKS, STATE INHERITANCE TAX COMMIS-
## SIONER v. AUSTIN

(No. 1367; July 6, 1926; 246 Pac. 459)

APPEAL AND ERROR—QUESTIONS SHOWN BY RECORD—MOTION FOR NEW TRIAL—MOTION TO DISMISS.

1. Bill of exceptions is not necessary, except to preserve as part of record what would not otherwise go into it or be considered part of it.
2. Writ of error will not be dismissed for want of bill of exceptions or motion for new trial, where only questions of law, determinable on facts shown by record, are involved, in view of Comp. St. 1920, §§ 5864, 5867, 5903, 6763.
3. Motion for new trial is required on proceeding in error only to bring before court something which could have been properly assigned as ground for new trial.
4. In reviewing on writ of error, only such matter as could have been properly assigned as ground for new trial may not be considered, in absence of motion for new trial.
5. In reviewing order relating to inheritance tax, contention that entire proceeding below was erroneous because following Laws 1921, c. 126, instead of repealing act of Feb. 21, 1925 (Laws 1925, c. 78), will not be considered upon motion to dismiss.
6. That small part of record might not be properly preserved for consideration because of absence of bill of exceptions or motion for new trial is not ground for dismissing proceeding in error, where other part of record presents question proper to be considered.

ERROR to District Court, Sheridan County, JAMES H. BURGESS, Judge.

Proceedings for the assessment of inheritance tax in the matter of the estate of George E. Austin, deceased. From an order making certain deductions in favor of Elizabeth A. Austin, administratrix of deceased, Harry A. Loucks, as Inheritance Tax Commissioner of the State, brings error. Heard on motion to dismiss.

*C. L. Carter*, for the motion.

The inheritance tax statute in effect on September 29, 1925 was Ch. 126, L. 1921, amended by Ch. 80, L. 1923; the order appealed from overruled an application for reassessment and is not a final order; the order fixing the tax was made June 25, 1925; neither of the orders referred to deductions complained of; the finding and decision fixing inheritance tax cannot be reviewed without a bill of exceptions; 5870 C. S.; Perkins v. McDowell, 3 Wyo. 328; Seibel v. Bath, 5 Wyo. 420; Syndicate Co. v. Bradley, 7 Wyo. 228; Adams v. Smith, 11 Wyo. 211; Conradt v. Lepper, 13 Wyo. 104; Schiller v. Co., 15 Wyo. 309; Beckstead v. Bank, 26 Wyo. 67; Supreme Court Rule 13. No bill of exceptions appears in the record; a bill of exceptions is necessary when the decision is not entered of record; 5867, C. S.; U. S. v. Trabing, 3 Wyo. 144; Freeburg v. Lamoureux, 12 Wyo. 44; and numerous other decisions of this court; the grounds of objection do not appear in the entry; no evidence is before the court; the nature of the deductions is a question of fact; this court cannot determine whether the court below followed the original appraisement or required a reappraisement, as provided by Sections 23-27, Ch. 126, L. 1921. If the order of September 29, 1925 was based on a motion, the exception could be preserved only by bill of exceptions; Mitter v. Coal Co., 27 Wyo. 72; Harden v. Card, 14 Wyo. 479; R. R. Co. v. Tolman, 31 Wyo. 175; Fitzpatrick v. Rogan, 28 Wyo. 231. Applications for reassessment of inheritance tax may be made under Ch. 126, Sec. 30, L. 21, and the chapter provides the procedure; the "report to inheritance tax commissioner," appearing among the papers, is no part of the record; it contains the only reference to the deductions complained of, but is insufficient to show that the deductions were in fact made; various other transcripts of journal entries are presented, none of which are a part of the record; the proceedings should be dismissed.

*David J. Howell,* Attorney General, and *Ray E. Lee,* Special Assistant Attorney General, contra.

The original assessment order was entered upon the report of the administratrix and the commissioner applied for a rehearing which, we believe, is equivalent to motion for new trial; at any rate, the action taken was in the nature of a special proceeding, and the same procedure was followed in In Re Young's Estate, Loucks, Inheritance Tax Commissioner v. Young, et al., 239 Pac. 286. The determination of inheritance tax due from the Austin Estate is a matter of procedure and was changed pending the probate of said estate; Ch. 78, Sec. 13, L. 1925. imposing upon the commissioner the duty of determining the tax; the repealing clause found in Sec. 33, excludes taxes accruing under previous acts; the act of 1925 took effect February 1, 1925, from which it would appear that the District Court had no jurisdiction to determine the tax and that its order should be set aside for want of jurisdiction; Gleason Inheritance Tax, (4th Ed.) 272; 36 Cyc. 1215; People v. McGoorty, (Ill.) 110 N. E. 791; Carpenter v. Pennsylvania, 17 How. (U. S.) 456, 15 L. Ed. 127; Ferry v. Campbell, (Ia.) 81 N. W. 604. If the manner of collecting inheritance tax is merely a matter of procedure, the 1925 statute should control; Laird v. Carton, 25 L. R. A. N. S. 189; Boucofski v. Jacobsen, 26 L. R. A. N. S. 898; C. B. & Q. R. Co. v. Jones, 37 N. E. 247.

POTTER, Chief Justice.

This cause has been submitted upon a motion to dismiss the proceeding in error, the motion stating as grounds that there is no bill of exceptions in the case and that there was no motion for new trial filed or presented to the district court and no order overruling such motion, and that therefore there is nothing presented to this court by the petition or record herein.

The statement of the grounds is preceded by the assertion that the finding and decision attempted to be ap-

pealed from was the determination of an issue of fact.
But we find upon examination of the record that substan-
tially everything in the record was matter of record
proper in the district court, consisting mostly of orders in
the probate proceeding entered of record in the proper
journal or book provided for by statute and certified into
the record by the clerk of the district court as copies of
journal entries. The cause involves the determination of
the amount of inheritance tax to be paid out of the funds
of the estate of George E. Austin, deceased; the district
court having determined, as stated in its order, the amount
of such tax on June 25, 1925, as "in compliance with Sec.
19, Ch. 126, S. L. 1921;" it appearing among the proceed-
ings of record that the date of the death of the decedent
was September 11, 1924, in Sheridan County, in this state,
of which county the decedent was and had been a resident.
There was thereafter a denial of an application by the in-
heritance tax commissioner of the state for a re-assess-
ment, and also a denial of a second application of that
character.

The cause is here on error, alleging that certain deduc-
tions of the district court were illegal; said deductions
being $3336 costs of conducting the business of the estate
subsequent to the decedent's death, and $1200 as compen-
sation for the services of the administratrix in addition to
the full amount of her commission allowed by law. We
do not understand from the record here that there was any
disputed fact in the case; but purely and simply a dispute
as to the law concerning the validity of the deductions,
the amount of which was determined, not upon disputed
evidence, but by the facts shown by the record itself in
the district court. The court's order of June 25, 1925,
purporting to determine the amount of the tax was based
upon an examination of the records, as recited in the
order.

A bill of exceptions is never necessary except to preserve as a part of the record that which would not otherwise go into it or be considered as a part of it. See Seibel v. Bath, 5 Wyo. 409, 40 Pac. 756; Underwood v. David, 9 Wyo. 178, 61 Pac. 1012; Schmidt v. Bank, 29 Wyo. 260, 212 Pac. 651. In the civil code the record proper is described, and has been described in many of our decisions, as made up from the petition, the process, the return, pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court. Comp. Stat. 1920, Sec. 5903. It is provided further in the civil code that when the decision is not entered of record, or the grounds of objection do not sufficiently appear in the entry, or the exception is to the opinion of the court on a motion to direct a non-suit, to arrest the testimony from the jury, or for a new trial for misdirection by the court to the jury, or because the verdict, or if a jury was waived, the finding of the court, is against the law or the evidence, the party excepting must reduce his exception to writing and present it to the court, or to the judge thereof in vacation, within the time given for allowance. Comp. Stat. 1920, Sec. 5867. The statute also provides (Sec. 5864) that the party objecting to the decision shall have sixty days from and after the date of the judgment, decree, or final order in the case, within which to reduce the exception to writing and present the same to the court for allowance, which said period of sixty days may upon cause shown be extended not to exceed an additional sixty days.

Even the inventory and appraisement of the property of the estate is a part of the record under the provisions of the statute governing proceedings in probate. For the same is required to be recorded in a book provided for that purpose, and that is the case also as to reports. Thus, Section 6763, Comp. Stat. 1920, provides:

"All proceedings touching the probate of wills, the settlement of decedents' estates, shall be recorded in separate books kept for that purpose * * *. The clerk of the district court in each county shall keep in his office a book for the recording of wills and probate thereof; a book in which he shall record all letters testamentary and of administration within ten days after the same are issued; a book in which he shall record all inventories, sale bills of personal estate, within thirty days after the same are filed; a general entry, claim and allowance docket combined, and for noting fees. * * * All reports and accounts filed in vacation, all claims against the estate pending for trial at such term, all delinquencies of executors and administrators to discharge any duty in the manner or within the time required by law or order of the court and for the furnishing of this record as above required, the said court commissioner shall be equally bound. Said clerk shall keep a book for the purpose of entry of the inventory, appraisement and all claims allowed, including costs, and of the final distribution of such estate being for the purpose of showing a summary of the final settlement thereof."

A motion for a new trial is required as condition for hearing in this court upon a proceeding in error *only* to bring before the court something which could have been properly assigned as a ground for a new trial in the court below, and the rule then provides that as to any *such* matter it may not be heard unless it shall appear that the same was properly presented to the court below by such a motion, that the motion was overruled, and an exception at the time reserved to such a ruling, all of which shall appear in a bill of exceptions. But under the provisions of the civil code a new trial is a re-examination in the same court of an issue of fact, after a verdict of a jury, a report of a referee or master, or a decision by the court. See Seibel v. Bath, supra. It is true that in this case it is

stated in the motion to dismiss that the finding and decision of the district court was the determination of an issue of fact. But it seems to us the record here may be taken, at least at this time, as showing that there was no disputed issue of fact in the case; but merely a dispute as to the propriety, as a matter of law, of deducting certain amounts in assessing the inheritance tax by the district court.

In opposition to the motion to dismiss it is suggested that the entire proceeding in the court below was erroneous, in that it followed the procedural provisions of Ch. 126 of the Laws of 1921, instead of the provisions of a later statute, enacted in February, 1925, repealing the provisions of the act of 1921. But we think any such question should not be determined upon this motion to dismiss.

It is clear that most if not all of the matters in the record here, sent up and certified to by the clerk of the district court, constitute part of the record, without a bill of exceptions. Should it appear, however, upon a further hearing of the cause, that any material part of the record here could not be considered without a bill, objection may be made at any such further hearing upon that ground. But we do not think that the fact that a small part of the record might not be considered is to be regarded as a sufficient reason for dismissing the proceeding in error. Indeed, that is the effect of our previous decisions, where part of the record is proper without a bill and may present a question proper to be considered. Bank of Chadron v. Anderson, 7 Wyo. 441, 53 Pac. 280; Downing v. State, 10 Wyo. 373, 69 Pac. 264; Ryan v. Snyder, 27 Wyo. 512, 200 Pac. 105; Fitzpatrick v. Rogan, 28 Wyo. 231, 203 Pac. 245.

Our conclusion, therefore, is that the motion to dismiss must be denied. And the parties will be allowed the usual time for filing briefs upon the merits, as prescribed by the rules, computing the time from the date of the order disposing of this motion to dismiss.

*Motion to Dismiss Denied.*

BLUME and KIMBALL, JJ., concur.