STEIN, ET AL. v. SCHUNEMAN
(No. 1514; Jan. 17, 1929; 273 Pac. 543)

Argued before BLUME, C. J., KIMBALL, J., and BROWN, District Judge.

*Kinkead & Pearson,* for the motion.

*W. L. Walls,* for W. C. Stein, *contra.*

478

*Kinkead & Pearson*, in reply.

BROWN, District Judge.

This case comes to this court on error proceedings from a judgment rendered in the District Court of Laramie County, in favor of the defendant in error and against the plaintiffs in error. Plaintiff in error, Wellington C. Stein, filed a motion for a new trial in the lower court and took an exception to the order overruling the same. Neither of the other defendants below joined in this motion nor filed

separate motions for new trial, the motion of Wellington C. Stein being the only motion in the record. The petition in error filed in this court for the review of the judgment of the lower court is the joint petition of all of the plaintiffs in error. The case was heard in this court on a motion to dismiss. The petition in error contains but two assignments of error, to-wit: "1. That the District Court did error in denying the defendants motion for a new trial. 2. That the District Court did error in giving, making and entering its said decree." The second assignment of error is insufficient to present any question for our consideration. An appellate court will not search the whole record for possible errors. Each error presented for review must be definitely and specifically stated. We said in Hall Oil Company v. Barquin, 28 Wyo. 151, 201 Pac. 160, and reiterated in Leach v. Frederick, 36 Wyo. 121, 253 Pac. 669:

"It states no proposition or point to be considered in determining whether or not there was error in rendering and entering the judgment."

It is contended by the defendant in error that the motion to dismiss should be sustained under the familiar rule that where an assignment of error is joint it must be good as to all or it must fail as to all. Since neither Henry Altman nor Louisa M. Stein filed a motion for new trial manifestly the first assignment of error is not good as to them. It is conceded by her counsel that Louisa M. Stein had no interest in the controversy. She was made defendant below solely because she is the wife of Wellington C. Stein. No judgment was rendered against her. Since she had no interest in the controversy, and there is no judgment against her, no assignment of error could be good as to her.

We think the motion to dismiss must be sustained. This court early in its history adopted the rule that a joint motion for a new trial must be good as to all of the parties uniting therein or it would be construed to be bad as to all. North Platte Milling Company v. Price, 4 Wyo. 293, 33

Pac. 664. The question has been before the court in numerous occasions since that time and the rule therein adopted. consistently adhered to. Hogan v. Peterson, 8 Wyo. 549, 59 Pac. 162; Greenawalt v. Natrona Improvement Company, 16 Wyo. 226, 92 Pac. 1008; Shedd Ditch Co. v. Peterson, 18 Wyo. 402, 108 Pac. 72; McIntosh v. Wales, 21 Wyo. 397, 134 Pac. 274; Wilson v. Canal Co., 22 Wyo. 427, 143 Pac. 345; McManus v. McGrath, 20 Wyo. 500, 126 Pac. 44; Meador v. Blonde, 34 Wyo. 397, 244 Pac. 222.

In the Greenawalt case, supra, the court had before it the question of a joint assignment in error. After discussing the rule as applied to joint demurrers, joint motions for new trial and joint assignments of error, the court said:

"The rule rests upon the principle that it would be manifestly unjust to disturb the rights of some of the parties which have been correctly determined on the application of one whose rights are separate, distinct and severable therefrom. A party's individual rights may be preserved upon a several or upon a joint assignment of error, but if the error be jointly assigned, the relief, if any, is also joint, and if each party joining in the assignment is not entitled to the relief, the assignment will be overruled."

The question of a joint assignment of error where a motion for new trial was filed by a single defendant has been before the appellate court of Indiana several times. The following language is used in the case of Meyer v. Meyer, 155 Ind. 569, 58 N. E. 842:

"The only motion for a new trial that appears in the record is the sole motion of Margaretha Meyer. Her co-defendants, not having participated in the request for a new trial, cannot be heard to complain that the motion was not granted. The error assigned is joint, and not the separate assignment of Margaretha Meyer. It is a well settled rule of appellate procedure that a joint assignment of error must be good as to all who unite in it or it will be good as to none." See, also, Guyer v. Union Trust Co., 55 Ind. App. 472, 104 N. E. 82; Fowler v. Newson, 174 Ind. 104, 90 N. E. 9; Johnson v. Samuels, 186 Ind. 56, 114 N. E. 977. This is also the general rule 3 C. J. 1352.

The attorney for the plaintiffs in error frankly admits the rule, but seeks to escape from its effect by an extended argument that because Henry Altman and Louisa M. Stein did not file a motion for a new trial, this court therefore acquired no jurisdiction over them, and not having acquired jurisdiction over them should consider the assignment of error as though it were the sole separate assignment of the party over whom it did acquire jurisdiction, and disregard the other petitioners. We cannot concede the force of this argument. Its fallacy lies in the assumption that the filing of a motion for new trial in the lower court is necessary to give the appellate court jurisdiction. The filing and overruling of a motion for a new trial in the lower court is not a necessary requisite to the jurisdiction of the appellate court. Under Rule 13 of this court nothing which could have been properly assigned as ground for a new trial in the court below will be considered by this court in an appellate proceeding in error; otherwise the filing and ruling on a motion for a new trial in the lower court would be unnecessary as a step in error proceedings. For instance, a motion for a new trial is not required where the error complained of is one of law arising upon the record proper. In re Austin's Estate, 35 Wyo. 176, 246 Pac. 459, this court refused a motion to dismiss on the ground that there was no bill of exceptions in the case and no motion for new trial had been filed, presented to the court below, adversely determined and exception preserved. It was said by Judge Potter in Megown v. Fuller, 37 Wyo. 61, 258 Pac. 1018:

"And so we think that filing the motion, submitting it for hearing, and excepting to an order overruling it cannot be held as an integral part of a proceeding in error."

And again:

"It is obvious that the office of a motion for new trial, so far as any appellate proceeding is concerned, is solely to preserve exceptions in the form of a proper record, for use

whenever, but not until, a proceeding in error may thereafter be brought.''

The steps necessary to bring a judgment or final order into an appellate court for review are statutory, and the compliance therewith are essential to jurisdiction. It would seem therefore that a compliance with the requirements of the statute—that is the filing of a proper petition in error, a praecipe for and the issuance of a summons in error or obtaining service by publication, if personal service cannot be had, or a waiver of summons in error by the defendant in error, within the time provided by statute, will clothe the appellate court with jurisdiction to reverse, vacate or modify a judgment adversely affecting the interests of the petitioner. Caldwell v. State, 12 Wyo. 206, 74 Pac. 496; Megown v. Fuller, supra.

The motion to dismiss must be granted.

*Dismissed.*

BLUME, Ch. J., and KIMBALL, J., concur.